UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF THE SCANDIES ROSE FISHING COMPANY LLC AND MATTSEN MANAGEMENT LLC, AS OWNERS AND/OR OPERATORS OF THE VESSEL SCANDIES ROSE, OFFICIAL NUMBER 602351, FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | IN ADMIRALTY<br><br>Case No.<br><br>**LIMITATION PLAINTIFFS' COMPLAINT FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY** |

COME NOW, Limitation Plaintiffs Scandies Rose Fishing Company LLC, and Mattsen Management LLC (collectively referred to hereafter as "Limitation Plaintiffs"), by and through their attorneys, Holmes Weddle & Barcott, and hereby allege and aver as follows:

1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333.

2. Venue is proper pursuant to Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

3. Not more than six months have elapsed since the receipt by Limitation Plaintiffs of any written notice of any claim arising out of the occurrence or voyage in question.

4. Scandies Rose Fishing Company, LLC is an Alaska corporation, with its

LIMITATION PLAINTIFFS' COMPLAINT - 1
Case No.

**HOLMES WEDDLE & BARCOTT, PC**
3101 WESTERN AVE, SUITE 500
SEATTLE, WA  98121
TELEPHONE (206) 292-8008
FAX (206) 340-0289

principal place of business in Bremerton, Washington.

5. Mattsen Management LLC is a Washington limited liability company, with its principal place of business in Bremerton, Washington.

6. Scandies Rose Fishing Company, LLC is the owner and/or operator of the fishing vessel SCANDIES ROSE, official number 602351, (hereinafter the "Vessel"). The Vessel is approximately 116.6 feet in length (registered).

7. Scandies Rose Fishing Company, LLC., is the sole owner and operator of the Vessel and by virtue of its ownership interest, and dominion and control over the Vessel, is an "owner" of the Vessel as the term is applied under the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq*.

8. Mattsen Management LLC provided some management services to the vessel.

9. Limitation Plaintiffs have at all material times exercised due diligence to make the Vessel seaworthy in all respects, and she was at all times herein described staunch, tight and strong, fully and properly manned, equipped, supplied and navigated, and was in all respects seaworthy and fit for the service in which she engaged.

10. On December 31, 2019, the Vessel sank in waters of the Gulf of Alaska near Sutwik Island.

11. The Vessel was completely lost.

12. There was no freight pending at the time the Vessel sank.

13. Limitation Plaintiffs were without privity or knowledge of any acts of negligence or unseaworthiness that may have caused or contributed to the casualty.

14. Limitation Plaintiffs were without privity or knowledge of any unseaworthiness preexisting the voyage.

LIMITATION PLAINTIFFS' COMPLAINT - 2
Case No.

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVE, SUITE 500
SEATTLE, WA 98121
TELEPHONE (206) 292-8008
FAX (206) 340-0289

15. The sinking and all consequent damages was not caused or contributed to by any fault or negligence on the part of Limitation Plaintiffs.

16. On April 6, 2020, Jon R. Lawler, filed a lawsuit, *Jon R. Lawler v. Scandies Rose Fishing Company LLC; Mattsen Management LLC*, in the Superior Court of the State of Washington in and for the County of King, Case No. 20-2-07518-3 SEA, for damages allegedly sustained from the sinking.

17. On April 6, 2020, Dean Gribble, filed a lawsuit, *Dean Gribble v. Scandies Rose Fishing Company LLC; Mattsen Management LLC*, in the Superior Court of the State of Washington in and for the County of King, Case No. 20-2-07537-0 SEA, for damages allegedly sustained from the sinking.

18. Limitation Plaintiffs are not aware of any other claims currently pending against them in any court of which they have received notice.

19. Limitation Plaintiffs are not aware of any unsatisfied liens or claims of lien, in contract or tort or otherwise, arising on the aforementioned voyage.

20. The amount of all demands arising on that voyage is presently unknown to Limitation Plaintiffs.

21. The Limitation of Liability Act, specifically 46 U.S.C. § 30505, provides:

> (a) In general.— [T]he liability of the owner of a vessel for any claim, debt, or liability described in subsection (b) shall not exceed the value of the vessel and pending freight. If the vessel has more than one owner, the proportionate share of the liability of any one owner shall not exceed that owner's proportionate interest in the vessel and pending freight.
>
> (b) Claims subject to limitation.— Unless otherwise excluded by law, claims, debts, and liabilities subject to limitation under subsection (a) are those arising from any embezzlement, loss, or destruction of any property, goods, or merchandise shipped or put on board the vessel, any loss, damage, or injury by collision, or

LIMITATION PLAINTIFFS' COMPLAINT - 3
Case No.

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVE, SUITE 500
SEATTLE, WA 98121
TELEPHONE (206) 292-8008
FAX (206) 340-0289

>any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of the owner.

22. Limitation Plaintiffs desire to invoke the benefits of exoneration from and limitation of liability, as provided by 46 U.S.C. § 30501 *et seq.,* and in the same proceeding contest their liability and the liability of the Vessel for any loss or damage arising out of the aforesaid voyage.

23. Limitation Plaintiffs further desire that an injunction be issued by the Court restraining the prosecution of any and all suits or claims which have been, may have been, or may hereafter be made against them in any Court whatsoever to recover damages from any and all losses or damages occasioned by or incurred by, or in any way resulting from, the aforesaid sinking or in any way consequent upon or otherwise arising out of the voyage in question, and restraining the commencement or prosecution thereafter of any suit, action or legal proceeding against Limitation Plaintiffs, their agents, servants or employees, in respect of any claim or claims arising out of the aforesaid event or in any way resulting therefrom or consequent thereupon or otherwise arising out of the voyage on which the Vessel was then engaged.

24. Limitation Plaintiffs are advised that the fair market value of the vessel on December 31, 2019, after the occurrences in question and at the conclusion of the voyage, was zero. No freight was pending. Accordingly, Limitation Plaintiffs do not offer a stipulation for value.

25. Limitation Plaintiffs stipulate not to post security representing the value of the vessel.

26. Simultaneous with the filing of this Complaint for Exoneration from and/or Limitation of Liability, Limitation Plaintiffs post security for costs.

LIMITATION PLAINTIFFS' COMPLAINT - 4
Case No.

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVE, SUITE 500
SEATTLE, WA 98121
TELEPHONE (206) 292-8008
FAX (206) 340-0289

WHEREFORE, Limitation Plaintiffs pray:

1. That this Court issue an injunction restraining the prosecution of any and all suits, actions or legal proceedings which have been, may have been or may hereafter be made against Limitation Plaintiffs, their agents, servants or employees, in any Court whatsoever to recover damages for any and all losses or damages occasioned by or incurred by, or in any way resulting from, the aforesaid sinking or in any way consequent upon or otherwise arising out of the voyage in question, and restraining the commencement or prosecution thereafter of any suit, action or legal proceeding against Limitation Plaintiffs, their agents, servants or employees, in respect of any claim or claims arising out of the aforesaid sinking or in any way resulting therefrom or consequent thereupon or otherwise arising out of the voyage on which the Vessel was then engaged, or otherwise subject to limitation in these proceedings, except in the instant proceeding in respect of any claims arising out of the aforesaid voyage;

2. That this Court adjudge that Limitation Plaintiffs are not liable to any extent for any loss or damage or for any claims whatsoever in any way arising out of or in consequence of the aforesaid sinking or voyage;

3. If Limitation Plaintiffs shall be judged liable, then Limitation Plaintiffs liability be limited to zero in damages, and that a decree be entered discharging Limitation Plaintiffs from any and all further liability;

4. That this Court enter an order directing the issuance of a notice against all persons or other legal entities claiming damages for any and all losses or damages occasioned or incurred by or in any way resulting from the aforesaid sinking or in any way consequent thereupon or otherwise arising out of the voyage on which the Vessel was engaged, or otherwise asserting any claim with respect to which Limitation Plaintiffs seek exoneration from

LIMITATION PLAINTIFFS' COMPLAINT - 5
Case No.

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVE, SUITE 500
SEATTLE, WA  98121
TELEPHONE (206) 292-8008
FAX (206) 340-0289

or limitation of liability herein, admonishing them to appear and file their respective claims with the Clerk of this Court, and to serve on or mail copies thereof to the attorneys for Limitation Plaintiffs, herein named, on or before the date to be specified in said notice, and to make due proof of their respective claims, and further to file their respective answer, if any, to the allegations of the Complaint on or before the date to be specified in said notice, all as provided by law and by the Federal Rules of Civil Procedure, particularly, but not exclusively, Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims;

5.   That this Court enter an order directing that said notice be published in a newspaper, as specified in the notice, once a week for at least four (4) consecutive weeks until the return day specified in the notice, and that the first publication of the notice be at least thirty (30) days before said return day, and that a copy of said notice be served on the respective attorneys for all persons or other legal entities who have filed or begun suits for damage, loss or destruction or arising out of or related to the aforesaid sinking, together with a copy of the order directing the issuance of the notice;

6.   That this Court enter an order stating that Limitation Plaintiffs have complied with Rule F(1), which requires the posting of security for value of the vessel and for costs, and have complied with Rule F(2), which requires a complaint for exoneration and/or limitation to contain certain information; and

7.   That Limitation Plaintiffs be awarded such other and further relief as the Court may deem just and proper.

LIMITATION PLAINTIFFS' COMPLAINT - 6
Case No.

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVE, SUITE 500
SEATTLE, WA 98121
TELEPHONE (206) 292-8008
FAX (206) 340-0289

DATED this 17th day of April, 2020.

        HOLMES WEDDLE & BARCOTT, P.C.

        */s/ Michael A. Barcott*
        Michael A. Barcott, WSBA #13317

        */s/ Daniel P. Barcott*
        Daniel P. Barcott, WSBA #50282
        3101 Western Ave, Suite 500
        Seattle, Washington 98121
        Telephone:  206-292-8008
        Facsimile:   206-340-0289
        Email: mbarcott@hwb-law.com
           dbarcott@hwb-law.com
        Attorneys for Limitation Plaintiffs

G:\7483\32057\Pleading\DRAFTS\1. Limitation Complaint.docx

LIMITATION PLAINTIFFS' COMPLAINT - 7
Case No.

**HOLMES WEDDLE & BARCOTT, PC**
3101 WESTERN AVE, SUITE 500
SEATTLE, WA  98121
TELEPHONE (206) 292-8008
FAX (206) 340-0289