UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF THE SCANDIES ROSE FISHING COMPANY, LLC AND MATTSEN MANAGEMENT, LLC, AS OWNERS AND/OR OPERATORS OF THE VESSEL SCANDIES ROSE, OFFICIAL NUMBER 602351, FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | Case No. 3:20-cv-05376-BHS<br><br>IN ADMIRALTY<br><br>CLAIMANTS MOTION FOR RECONSIDERATION OF THIS COURT'S 6/17/20 ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS REPORT, DISCOVERY, DEPOSITIONS AND EARLY SETTLEMENT<br>WA US D Ct. LCR 7(e)<br><br>**NOTE TO MOTION CALANDER 7/1/20** |

COME NOW all the four wrongful death and two injury(survivor) claimant herein seeking this court deny Petitioners assertions to exoneration from and/or limitation of their liability for the 12/31/19 capsize and sinking of the F/V Scandies Rose in indisputably forecast heavy icing conditions in Alaska's territorial waters of the Shelikof Straits near Sutwick Island. This Petition was filed 4/17/20 and on 4/22/20 this court ordered a monition be published directing all claimants desiring to contest same file their claim and answer by 5/28/20, surviving Claimants Gribble and Lawler filed theirs 5/21/20, which should have automatically triggered a LCL 16(a) scheduling conference order. See infra. The four death Claimants timely did likewise soon thereafter.

Claimant Estate of Barbara Coggan et al Answer, Affirmative
Defenses and Claims to Complaint for Exoneration
From or Limitation of Liability and Claim For Damages - 1

Lawrence Delay Attorney
232 "A" St. Suite 8
PO Box 698
Friday Harbor WA 98250
PH 360-378-6976
lcdelay@rockisland.com

But thereafter the matter sat dormant (during the height of the pandemic) until by 6/15/20 when all claimants[1] concerned that LCL 16(a)'s direction may have become lost in the hiatus jointly filed a request for a scheduling conference noting "all those with timely claims against Petitioners have appeared in this action. All Claimants, … request this Court to issue an Order Regarding a Scheduling Conference. LCL Rule 16(a) provides:

> As soon as practicable after a case is filed, but no later than either the filing of the proof of service on any defendant or the appearance of any defendant, the court shall order a scheduling conference.

---

[1] Death Claimant's have been represented by counsel since mid-January have been actively negotiating with Petitioners counsel since they learned that in response to a 1/2/20 Notice from the Alaska Department of Natural resources (AK DNR) EX A advising the Petitioner's that the sinking of the Scandies Rose on Alaska's submerged lands was an incident for which they were financially responsible" and that its abandonment there constitutes and unauthorized trespass as well as responsibility for any resulting pollution.. Petitioner's responded though their counsel in this proceedings on 1/28/20 (with no notice to Claimants) that they'd commissioned Global Diving and Salvage to try to locate the vessel and do a ROV undersea survey of it. EX B Global departed Kodiak on this venture (again without notice to claimants) on 2/9/20. EX C. Claimants learned of it shortly after it left and contacted Petitioner's counsel seeking to have input into the survey but Petitioner's refused. A video of the ROV survey and Global report was done which, Petitioner's counsel told deceased counsel showed two bodies in the vessel's wheel house (where the survivor Claimants have reported and since testified in the Master Gary Cobban's Alaska probate proceedings all the deceased and they themselves were donning their survival suits after the vessel suddenly took a sharp list and then rapidly continued to roll to starboard from which the survivors barely escaped out the port door. But the rest of the crew who could be heard screaming as the wheel house rapidly filled with water did not. Claimants were led to believe from a 2/25/20 email, EX E that they were going to be copied Global video and report (because they were further advised that any costs that AK- DNR required Petitioner's incur would be deducted from Petitioner's vessel's $10M P&I policy limits and hence Petitioner's urged to join in Petitioner's claim that the sunken wreck was now a "grave site" in an endeavor to appeal to AK-DNR's sympathy. But when Claimant's learned there likely a separate $10M pollution policy on the vessel to cover those costs and demanded to see same to aide them in their decision EX E-F both the Petitioner Global video, survey and "Order of magnitude" cost of compliance estimates, as well as the (almost universally produced insurance policies) were inexplicably refused? The emails that followed show this material was denied in an effort to leverage the deceased to join Petitioner's in their endeavor. EX G-H, K-O and particularly EX L Barcott 6/22/20 email to Markham. Following Petitioner's failure to secure the deceased's agreement, Petitioner's then unilaterally grossly misrepresented their position to AK DNR on 6/30/20 giving the deceased claimants only 15 minutes notice beforehand. EX M-O. Meanwhile claimant's requests for Petitioner's insurance policies EXPRESSLY compelled by as part of Defendant's Initial disclosures FRCP 26(a)(1)(iv) continues to be inexplicably ignored?

Claimant Estate of Barbara Coggan et al Answer, Affirmative
Defenses and Claims to Complaint for Exoneration
From or Limitation of Liability and Claim For Damages - 2

Lawrence Delay Attorney
232 "A" St. Suite 8
PO Box 698
Friday Harbor WA 98250
PH 360-378-6976
lcdelay@rockisland.com

On the heels of all Claimant's 6/15/20 joint preliminary PRO request, Claimant Lawler also served "early" rule 34 requests for production pursuant to FRCP 26(d)(2), but unfortunately under the "normal terms" of that rules its not considered served until the first Rule 26(f) conference (which under this court's 6/17/20 isn't required until 9/1/20). And when after receiving the court's 6/17/20 Preliminary PTO Order, Claimant's that same day emailed proposing they have the Rule 26(f) conference promptly, Petitioners counsel replied 6/19/20: "We are inclined to have this conference in mid-late August. We have until September 1" (accompanied by more evidence of Petitioners leverage): "There is no chance of even discussing resolution until Jerry lets us know what his clients want to do with the boat)" See EX G.

Claimants then proposed an FRCP 37 good faith, conference. Petitioners responded:

> Here is where we are. The Court has issued an Order requiring Initial Disclosures on September 15. Discovery is not yet open and likely will not be open for several months *so there is no purpose for a Rule 37 conference and I will not attending*. We are asking a simple question and to date we have no answer to that question, what are your clients requests concerning leaving or retrieving the vessel? Until that question is answered we cannot begin to move forward on a path to resolution. *Summer will slowly slip by. We may lose this chance to retrieve the vessel if that is the ultimate decision as to what will happen. A removal in later years will be more difficult, if possible at all*. EX L

Clearly in this response Petitioners sought to use delay to leverage the death claimants to join in their plan to invoke AK DNR's sympathy to allow it leave the vessel in place (to its great financial advantage) which despite death claimant's refusal to cooperate, it nevertheless then did by a gross misrepresentation to AK DNR on 6/30/20 as their position. See EX N.

### APPLICABLE LAW

Although LCL 7(e) states that Motions for Reconsideration are not favored this is not a motion seeking reconsideration of a contested matter duly considered. It's a motion seeking

Claimant Estate of Barbara Coggan et al Answer, Affirmative
Defenses and Claims to Complaint for Exoneration
From or Limitation of Liability and Claim For Damages - 3

Lawrence Delay Attorney
232 "A" St. Suite 8
PO Box 698
Friday Harbor WA 98250
PH 360-378-6976
lcdelay@rockisland.com

reconsideration of an (in essence) sua sponte "form order" that was delayed for reasons only this court knows. Moreover it comes after discovery in this case was delayed due to the mandates of this archane Limitation Act that allows a vessel owner to effectively prevent the victims from filing a suit anywhere by virtue of its concurrent power to automatically enjoin all other litigation by its filing within its 6 month limitation period.

But that aside as *Malibu Media, LLC, v.. John Doe,* 319 F.R.D. 299, 302 (E.D. Cal. 2016) describes District courts in the Ninth Circuit permit expedited discovery prior to a Rule 26(f) conference upon a mere showing of " good cause." *See, e.g., In re Countrywide Fin. Corp. Derivative Litig.*,542 F. Supp 2d 1160, 1179 (C.D. Cal. 2008) (citing *Semitool, Inc. v. Tokyo Electron Am., Inc.*208 F.R.D 273 , (N.D. Cal. 2002)). " Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F.Supp.2d at 1179 (citation and quotation marks omitted).

And the forgoing and attached supporting exhibits clearly describe that here. Additionally under the US Coast Guard hearings in this matter are scheduled for 9/8/20 and Claimants have the need to have this discovery well before that to aid the USCG in its investigation. Simple things like the vessel's stability letter could go a long way to putting this case to bed early. Claimants respectfully request this court move the pretrial conference deadline up to 8/1/20, direct Petitioners respond to claimant Lawler's 6/17/20 "early request for production served on it by 7/20/20 and direct Petitioner's produce all their insurance policies, all aspects of the Global survey material (ROV and reports) and their stability book now.  That could be certainly are already in Petitioner's counsel's files and could be dropped in a mailbox.

Respectfully Submitted July 1, 2020

Claimant Estate of Barbara Coggan et al Answer, Affirmative
Defenses and Claims to Complaint for Exoneration
From or Limitation of Liability and Claim For Damages - 4

Lawrence Delay Attorney
232 "A" St. Suite 8
PO Box 698
Friday Harbor WA 98250
PH 360-378-6976
lcdelay@rockisland.com

| | |
|---|---|
| */s/Lawrence Delay* | */s/ Gerald Markham* |
| Lawrence Delay WSBA # 20339 | Gerald Markham ASBA # 72-10058 |
| lcdelay@rockisland.com | gmarkham@nwlink.com |
| Attorney for Claimants Cobban, | Attorney for Claimants Cobban, |
| Ganacias and Rainey | Ganacias and Rainey |
| 232 "A" St. Suite 8 | 211 Mill Bay Road |
| PO BOX 8 | Kodiak, AK 99615 |
| Friday Harbor WA 98259 | PH 907-486-4194 |
| PH 360-378-6976 | WA # 360-378-2047 |
| | |
| STACEY & JACOBSEN, PLLC | COLUCCIO LAW |
| | |
| By: /s/ Joseph Stacy | By: */s/ Kevin Coluccio* |
| Joseph S. Stacey, WSBA #12840 | Kevin Coluccio, WSBA #16245 |
| jstacey@maritimelawyer.us | kc@coluccio-law.com |
| James P. Jacobsen, WSBA #16331 | Attorney for Claimant |
| jjacobsen@maritimelawyer.us | Estate of Rousseau-Gano |
| Nigel T. Stacey, WSBA #55458 | 2025 1st Avenue, Suite 1130 |
| nstacey@maritimelawyer.us | Seattle, Washington 98121 |
| Attorneys for Claimants, Gribble and Lawler | Tel: (206) 826.8200 |
| 4039 21st Avenue W, Suite 401 | |
| Seattle, WA 98199 | |
| Phone: 206.282.3100 | |

TUCKER LAW FIRM

By: */s/ Lee Tucker*
Lee Tucker, WSBA #30345
lee@thetuckerlawfirm.com
Attorney for Claimant Estate of Seth Rousseau-Gano
144 Railroad Avenue, Suite 220
Edmonds, Washington 98020
Tel: (206) 790.5842

Claimant Estate of Barbara Coggan et al Answer, Affirmative Defenses and Claims to Complaint for Exoneration From or Limitation of Liability and Claim For Damages - 5

Lawrence Delay Attorney
232 "A" St. Suite 8
PO Box 698
Friday Harbor WA 98250
PH 360-378-6976
lcdelay@rockisland.com

## CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury under the laws of the State of Washington that I electronically filed a true and correct copy of the forgoing document on July 1, 2020, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

*Counsel for Limitation Plaintiffs*

Michael A. Barcott, WSBA # 13317
HOLMES WEDDLE & BARCOTT
3101 Western Ave, Ste 500
Seattle, WA  98121
Tel: (206) 292-8008
Email: Mbarcott@hwb-law.com

Daniel P. Barcott, WSBA # 50282
HOLMES WEDDLE & BARCOTT
3101 Western Ave, Ste 500
Seattle, WA  98121
Tel: (720) 420-9800
Email: dbarcott@hwb-law.com

Signed at Friday Harbor ,Washington this 1st day of July, 2020.

/s/ Gerald W. Markham
Gerald W. Markham
gmarkham@nwlink.com
Attorney for Claimants to the estates of Rainey, Ganacias, and Cobban
211 Mill Bay Road
Kodiak, AK  99615
Phone:  907.486.4194

Claimant Estate of Barbara Coggan et al Answer, Affirmative Defenses and Claims to Complaint for Exoneration From or Limitation of Liability and Claim For Damages - 6

Lawrence Delay Attorney
232 "A" St. Suite 8
PO Box 698
Friday Harbor WA 98250
PH 360-378-6976
lcdelay@rockisland.com