**From:** gmarkham@nwlink.com
**Subject:** Re: Scandies Rose NDA
**Date:** July 1, 2020 at 9:39:52 PM PDT
**To:** "Michael A. Barcott" <Mbarcott@hwb-law.com>
**Cc:** Kevin Coluccio <kc@coluccio-law.com>, Joe Stacey <JStacey@maritimelawyer.us>, "Webster, Jess G." <Jess.Webster@millernash.com>

Mike:

The below is putting the cart before the horse don't you think? Specifically did you secure the USCG's authority to release this material under the terms of the non-disclosure agreement I advised in my last email that I required? And if so from whom?  Or did you ever really have a direction from the Coast Guard not to release the below information at all? I note you fail to answer my last email asking you identifying who in the USCG directed you to do that and under what authority? On the contrary if it was a USCG lawyer wouldn't such a direction violate of ARPC 3.4(a) that prohibits one from  "unlawfully obstructing another party's access to evidence … or "conceal a document or other material having potentially evidentiary value" … ***nor shall a lawyer counsel*** or assist another person to do any of these acts"?  Lt. Pels  (a lawyer) told me she clearly did not express such a direction to you. So who did?

Or was that a (repeated) misstatement similar to what I've seen in your recent communication to AK DNR of the death Claimants position with regard to the vessel none of whom I'm aware have:

advised that their clients would like to leave her on the bottom as a permanent gravesite for their loved ones.

Nor has the attorney for the other three deceased crew members (i.e. me)  "not yet advised you clearly on his clients wishes in this regard".

Finally you still haven't produced any of the insurance policies or directly responded to my question if and when you will.

I'm reminded or an old adage my mother often repeated. You usually get more with a carrot than you do with a stick?

Jerry

On Jun 30, 2020, at 4:57 PM, Michael A. Barcott <Mbarcott@hwb-law.com> wrote:

Gentlemen,

A draft of the proposed confidentiality and NDA is attached.  It needs a couple of edits such as referring to you and you clients as claimants and SCANDIES ROSE as petitioner.  I look forward to your input.  We will ask that each person who is provided the video or report sign an agreement that they are bound by this.

Best Regards,
Mike Barcott

CONFIDENTIALITY AGREEMENT

This Agreement ("**Agreement**") is entered into as of 30 June, 2020, by and between (a) [ATTORNEYS FOR PLAINTIFFS] ("**ATTORNEYS FOR PLAINTIFFS**") and (b) HOLMES, WEDDLE & BARCOTT, PC ("**Holmes, Weddle & Barcott**"). Collectively, [ATTORNEYS FOR PLAINTIFFS] and Holmes, Weddle & Barcott shall be referred to as the "**Parties**".

**AGREED TERMS**

1.      Remotely Operated Video Footage and Report. Holmes, Weddle & Barcott agrees to share with [ATTORNEYS FOR PLAINTIFFS] the Remotely Operated Video survey footage (the "**Video**") secured by Holmes, Weddle & Barcott following the December 31, 2019 sinking of the SCANDIES ROSE fishing vessel, and the accompanying written report (the "**Report**") which documents the findings in the Video.

2.      Confidentiality

(a)      Definitions. For purposes of this Agreement, "Confidential Information" means the Video and the Report. To "Share" the Confidential Information includes, but is not limited to: directly or indirectly sending the Confidential Information to another party by mail or electronically; directly or indirectly allowing another person or party to view the Confidential Information; directly or indirectly discussing the content of the Confidential Information with another person or party; or otherwise making known, showing, or sharing verbally, electronically, or otherwise, any information from the Confidential Information that is not publicly known.

(b)      Confidentiality of Agreement. Subject to the permissible disclosures set forth in section (c) below, [ATTORNEYS FOR PLAINTIFFS] expressly understand and agree that the Video and the Report shall remain CONFIDENTIAL and shall not be disclosed to any third party whatsoever. Any person or party to whom any part of the Confidential Information is disclosed, is bound by this confidentiality provision. Any party who shares any part of the Confidential Information with an unauthorized party shall be liable for any breaches of confidentiality by persons to whom he/she/it has disclosed Confidential Information.

(c)      Disclosure Restrictions and Roster. [ATTORNEYS FOR PLAINTIFFS] agree and covenant:

(i)      to treat all Confidential Information as strictly confidential;

(ii)     that all persons and parties other than those explicitly named in section (iii)(A)-(C) below are Unauthorized Parties;

(iii)    not to directly or indirectly disclose, publish, communicate, share, or make available the Confidential Information, or allow it to be disclosed, published, communicated, shared, or made available, in whole or in part, to any entity or person whatsoever except for the following authorized persons:

(A)     ATTORNEYS FOR PLAINTIFFS

(B)    STAFF OF ATTORNEYS FOR PLAINTIFFS, AS NAMED HERE:

_____

_____

_____

_____

(C)    PLAINTIFFS IN [NAME OF ACTION]

3.    Effective Date. The terms of the Agreement will be effective when an executed copy of this Agreement is delivered by counsel for [PLAINTIFFS] to Holmes, Weddle & Barcott (the "**Effective Date**"). After receiving the executed agreement from [ATTORNEYS FOR PLAINTIFFS], Holmes, Weddle & Barcott will, within five business days, make the Confidential Information electronically available to [ATTORNEYS FOR PLAINTIFFS].

Intending to be legally bound, each of the Parties hereto has caused this Agreement to be executed as of the date(s) set forth below.

_____

ATTORNEYS FOR PLAINTIFFS

Title: _____

Dated: _____

_____

for HOLMES, WEDDLE & BARCOTT, PC

Title: _____

Dated: _____

Disclaimer: This electronic message contains information from the law firm of Holmes Weddle & Barcott, A Professional Corporation, and is confidential or privileged. The information is intended solely for the use of the individual or entity named above. If you are not the intended recipient, do not read, distribute, reproduce or otherwise disclose this transmission or any of its contents. If you have received this electronic message in error, please notify us immediately via e-mail or by telephone at (907) 274-0666 (Anchorage) or (206) 292-8008 (Seattle).