UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF THE SCANDIES ROSE FISHING COMPANY, LLC AND MATTSEN MANAGEMENT, LLC, AS OWNERS AND/OR OPERATORS OF THE VESSEL SCANDIES ROSE, OFFICIAL NUMBER 602351, FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | Case No. 3:20-cv-05376-BHS<br><br>IN ADMIRALTY<br><br>CLAIMANTS ESTATES OF RAINEY, COBBAN , AND GANACIAS  RESPONSE TO COURT ORDER DIRECTING REPORT ON SETTLEMENT BY 1/3/20 |

COME NOW all the above three death claimants (herein Rainey et al) and reports[1] that unfortunately their representations in Limitation Plaintiff's 11/2/20 filed "NOTICE OF SETTLEMENT" have not proceeded as anticipated. But that's not reason to abandon or skirt a major term of the parties agreement and put the tug ahead of the tow. Namely Alaska Superior approval of the deceased Rainey's adjudged minor child LW (see EX A)

> "Attorney Gerald Markham who represents three estates has not signed this notice. Mr. Markham does agree that as between Limitation Plaintiffs and claimants that a settlement has been reached but is subject to Alaska Superior Court approval of that settlement as provided in the Parties settlement agreement that states:

---

[1] Claimant was advised in an email that it requested any filing for its 1/14 at 11AM conference be submitted by 1/11/21. But as that deadline approached this filing was not in final form due to his need to respond to opposing counsel's further settlement communications at some length this morning and then his need to be prepared and telephonically present in Court in Anchorage for a very critical hearing during a good part of the afternoon. He hopes that by working past midnight to get it on the court's desk when it opens he will have met the spirit of the court's request.

Claimant Estate of Brock Rainey status report.

Gerald Markham Attorney
211 Mill Bay Road
Kodiak, Alaska 99615
gmarkham@nwlink.com

> "In anticipation that this offer will be accepted and policy limits will be paid, the claimants will submit the appropriate paperwork for the Alaska Superior court's minor approval and payment of any share to any minor. This offer is further conditioned on the Court's approval that settlement within policy limits is in the best interests of the child."

And while he has every expectation of the Alaska Superior Court approval that this settlement within policy limits is in the best interests of the child' will be forth coming (which would allow him to represent that as between Limitations Plaintiff and Claimants a settlement has been reached, when this aspect of the case remains. He is further hesitant to sign any notice that suggests that this court has no further jurisdiction over the parties until, as their settlement agreement provides, the Claimants review the limitation Plaintiff's deductions from the policy and the exact sum due under the agreement has been determined the settlement funds have been paid and the releases that limitation Plaintiff proposes is signed by all parties pursuant to the parties settlement agreement and an allocation between claimants to those funds remain undecided. With regard to the items number 1-2 he as authorized Limitation Plaintiff to state he agrees.

To better understand the delays and possible solutions this court should be more fully apprised of the terms of this settlement found in the attached settlement documents

EX A 7/20/20 Alaska Superior Court Probate Order determining LW is Rainy Daughter

EX B 9/9/20 (undated draft Claimants demand to Scandies Rose (herein SR)

EX C 10/1/20 email explaining Rainey modification to draft demand[2]

EX D 10/1/20 Rainey Modifications

EX E  10/2/20 Joint Claimants settlement demand incorporating Rainey modifications

EX F 10/15/20 Limitation Plaintiff (SR) Acceptance

EX G 11/2/20 Notice of Settlement file with this Court

---

[2] Under Alaska law such extrinsic evidence is always admissible as to an agreements intent and it should be here even though the object of this settlement agreement is patently clear including both of its choice of forum and choice of law provisions (the later found in the reference to ARCP 90.2)

Claimant Estate of Brock Rainey status report.

Gerald Markham Attorney
211 MILL BAY ROAD
KODIAK, ALASKA 99615
gmarkham@nwlink.com

The validity and interpretation of seaman's settlement agreement is a matter of Federal Maritime law. *Kossick v. United Fruit* 365 US 731 (1961), *Garrett v. Moore -McCormick* 317 US 239 (1942); *South Buffalo Railway Co. Ahern* 344 US 731 (1953); See also *Johnson v. BP Exploration & Prod* 786 F3d 344, 354 (5th, 2015). Under *Kossick* at 739:

> the analysis is akin to process somewhat analogous to the accommodation, entirely familiar in many areas of overlapping state and federal concern, or a process somewhat analogous to the normal conflict of laws situation where two sovereignties assert divergent interests in a transaction as to which both have some concern. Surely the claim of federal supremacy is adequately served by the availability of a federal forum in the first instance, and of review in this Court to provide assurance that the federal interest is correctly assessed and accorded due weight

but also tempered with the caveat further noted at 741:

> It must be remembered that we are dealing here with a contract, and therefore with obligations, by hypothesis, voluntarily undertaken, and not, as in the case of tort liability or public regulations, obligations imposed simply by virtue of the authority of the State or Federal Government. **This fact, in itself, creates some presumption in favor of applying that law tending toward the validation of the alleged contract.**

The survivors here argue that the provisions of this agreement for deposit of the funds in the Rainey's attorney's Alaskan trust account which the survivors attorneys which the Russo Estate (all represented by Washington attorneys) all knowingly entered into but now assert (when it suits their purposes) violate Washington bar rules. But that puts the tug before the tow because nowhere do they argue that this settlement's provisions for Alaska Superior Court approval of this minor's settlement violates any Washington law. Nor more relevantly, do they assert that it violates any principal of maritime law which clearly controls this limitation action. See *Hartford Accident & Indemnity Company v. Southern Pacific Company*, 273 U.S. 207 (1927).

Nor does such an agreement violate this this court's Local Rule 17(c) which provides:

> In every case where the court is requested to approve a settlement involving the claim of a minor or incompetent, an independent guardian ad litem, who shall be an attorney-at-law, must be appointed by the court, and said guardian ad litem shall investigate the adequacy of the offered settlement and report thereon; provided, however, that the court may dispense with the appointment of the guardian ad litem if a general guardian has been previously appointed for such minor or incompetent, or if the court affirmatively finds that the minor or incompetent is represented by independent counsel.

The terms of this rule do not expressly apply first respectfully because this court was not requested to approve this settlement. And there are several legitimate reasons that do not threaten this minor's interests why that is. First and foremost that this is an Alaskan state *territorial waters* accident 2.8 miles from Sutwick Island and the applicability of the full panoply of maritime law to such accidents has not been fully adjudicated. Moreover it is brought by Limitation Plaintiff Scandies Rose Fishing Company LCC and Mattsen Management, LLC. Scandies Rose LCC is unquestionably incorporated in Alaska, and though it has alleged that its principal place of business is in Washington that incredulous claim with regard to a large multispecies pot fishing vessel which spends virtually all of its time (except when in the repair yard) was contested by all claimants. Likewise all claimants contested Mattsen Management LLC's right to bring a limitation proceedings at all. And because if this case is settled as to these Limitation Plaintiff's (i.e. if this minor's settlement under ARCP 90.2 is approved) these issues will never be adjudicated. Hence the question will always remain when this minor turns 18 and is dissatisfied what protections will these limitation Plaintiffs' have? They bargained for ARCP 90.2 approval and per *Kossick* supra the government has little interest in denying such contracts so they should be enforced.

Likewise this minor's mother entered into a (very favorable) contingent fee contract for her daughters representation with your undersigned Alaskan attorney for representation in this Alaskan state waters death claim. And in the bargain he threw in his representation in her claim against an accidental death (ADD) insurer for this Alaskan's accidental death. That has not as yet needed to come to litigation (but neither is it quite yet settled). But if her father's paternity is allowed to be successfully questioned in Washington (by those who do not even have an interest in her recovery) her recovery is surely in risk of be impaired.

So too will be her entitlement to a share of her father's maritime employment claim for a long prior to his death separate serious knee injury when while working on the SR he was struck by a crab pot necessitating surgery which this court can take judicial notice has been filed in Alaska *State* Court. See Kodiak Superior Court 3KO-20-00244CI  Accordingly the settlement of these too claims are in need of to Alaska ARCP 90.2 approval. Nor is upholding a contract provision for ARCP 90.2 minor approval an abrogation of this court's duty to protect minors generally. See *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) cited with approval by the controlling Alaska Supreme Court case on the subject *Matter of Estate of Brandon*, 902 P.2d 1299 (Alaska 1995). And here we have a paternity finding in a formal domiciliary *in rem* probate proceedings that binds the worlds. See *Tilt v. Kelsey* 207 U.S. 43 (1907); *Williams v. North Carolina,* 325 U.S. 226 (1945)

*Brandon* dealt with like weak allegations disputing paternity and lacking a prior adjudication, but Brock Rainey's minor child's determination. EX A goes on to recites these survivors not only had notice of this proceedings but actually testified at it! Compare *In re Estate of Fields,* 219 P.3d 995 (Alaska 2009) regarding constructive notice.

*Manufactured Home Communities Inc. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005) further proscribes Federal courts are required to give full faith and credit to state court judgments under 28 U.S.C. § 1738. *See San Remo Hotel, L.P. v. City & County of San Francisco,* 545 U.S. 323 (2005). Generally "[u]nder res judicata, a final judgment on the merits of an action precludes the parties **or their privies**[3] from relitigating issues that were or could have been raised in that action." *Johnson v. Muelberger*, 340 U.S. 581, (1951)  To determine the preclusive effect of a state court judgment federal courts look to the state law of the state judgment being enforced. *Palomar Mobile-home Park Ass'n. v. City of San Marcos* 989 F2d 362, 364 (9th Cir. 1993). *Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Horne,* 698 F.3d 1295 (10th Cir. 2012).

And finally an examination of the record in this Alaska superior Court ARCP 90.2 proceedings In re LW 3KO-20-00059PR will bind that survivors initially entered general appearances purposefully to contest this child paternity claims there (but abandoned when she in response she got a paternity test with the deceased Rainey's father 's DNA  that showed she was Brock Rainey's Daughter to a 97.1% [4](which under Alaska law AS

---

[3] Aside from having ample notice of the Rainey formal Probate evidentiary hearing at which her father's paternity was established  The *Estate of Seth Russo* is also in privity with the survivors Lawler and Gribble not only in attending that probate hearing telephonically even though (as in *Parker* its attorney didn't formally enter an appearance) but all three are estopped by their actions in making an all claimants joint policy limits demand for the SR "limits" premised on that Alaska Superior Court express determination of her father's paternity which acceptance the threat of her damages induced.

[4] And in furtherance of its duty to protect his minor under *Salmeron supra* as noted by the Alaska Supreme Court in *Brandon* supra at 1311: "Assuming there was any genuine dispute about paternity, one would expect that the parties could have given the trial court a candid and possibly confidential assessment of the issue without revealing evidence that would have subsequently aided Ryan Air in defending against the estate's damages claim in the wrongful death action. Here Scandies Rose has already (twice) acknowledged that this matter is settled (subject only to ARCP 90.2 minor approval).

Claimant Estate of Brock Rainey status report.

Gerald Markham Attorney
211 Mill Bay Road
Kodiak, Alaska 99615
gmarkham@nwlink.com

25.20.050(d) "a probability of parentage at 95 percent or higher creates a presumption of parentage that may be rebutted only by clear and convincing evidence".[5]

Nevertheless survivors urge this court prematurely rule (before this minor's settlement is ARCP 90.2 approved to be in her "best interests" and until which we don't even have a settlement) that rather that have this issue proper adjudicate by the Alaska probate court (which having already adjudicated her daughter status could proceed right to this minor's approval (or conceivably not) and instead leave this minors simple "status" issue unresolved (despite its 7/20/20 judgment resolving it.  Survivors  would instead propose to carry it on along for trial together with the much more complex issue (again if the 90.2 approval is forthcoming)  along to a (jury) trial as to how much of  this $9+M settlement with the Scandies Rose (which according to them is nothing since she's not a beneficiary).

And in that connection survivors  further suggest this court should follow the "suggestion" (as its certainly not bound by this clearly keen to find any excuse to avoid any role in this controversy Alaska Superior Court that it proceed by way of Survivors proposed

---

[5] Conversely under WRS  26.26A.325 if a parties test results are 99% probable and it meets other criteria parentage is established but unlike Alaska's 95% probability there appears to be no clear and convincing evidence requirement to when challenging s result such as LW's. Moreover it  appears that under Washington law none of these third parties by virtue of these contract to share in these settlement proceedings would have standing to bring such a proceedings (hence not be bound by the result. Not does it appear that Washington permits jurisdiction over the *estate* of a non-resident deceased. See 26.26A.415, 26.21A.100. Conversely this determination can clearly be brought in an Alaska ancillary probate proceeding in See *Estate of James v. Seward* 401 P3d 976 (AK 2009) and logically in a ARCP 90.2  Guardianship estate proceedings to approve the settlement for the wrongful death of an Alaskan deceased (whether Alaskan's probate court adjudicated or not) because this is an adjudication as to "status" that the domiciliary state has a paramount interest in under the authorities above cited.

(28 UCC § 1335) interpleader action. Suffice it to say that the Alaska Superior Court gave no consideration to the fact in making such a determination, this court would clearly be asserting probate jurisdiction over this minor's "status" "probate exception" to the district court's diversity jurisdiction which has been clear well before *Markham v. Allen 326 US 490 (1946)* as further explained in Marshall v. Marshall 547 (2006) which was and most recently articulated in *Goncalves v. Rady Children's Hospital San Diego*, 865 F.3d 1237 (9th Cir. 2017).

Unlike the case of *Goncalves* this court approval of this minor settlement (which under the Survivors contention that she is not the deceased Rainey's child would most certainly require it to re-determine this minor's "status". As indicated in *Goncalves* at 1251-52:

> The first part of the inquiry focuses on the question whether the matter is purely probate in nature, in that the federal court is being asked directly to probate a will *or administer an estate*. As the *Moser* court noted " *since few practitioners would be so misdirected as to seek, for example, letters testamentary or letters of administration from a federal judge,"* the answer to this question is almost always  No

But that is exactly what these Survivors in their challenge to the deceased Brock Rainey's paternity ask this court to because if their outlandish challenge were to be upheld this court would in effect had to issue new letters of administration that excluded LW's mother JW and strike the 7/20/20 finding it made that LW was his daughter. It is not in the best interests of any minor to have this court make this determination in this fashion no matter how capable it might be. This 7/20/20  "status" determination EX A  (if remotely they mustered the evidence to set it aside) should be made by a court of Rainey's domicile sitting without a jury in probate. *Seward* Id.  And it is not in this minor's best interests is for this court to even consider how to adjudicate her entitlement to any particular amount at this point before an ARCP 90.2 determination that this settlement is in her best interests.

Claimant Estate of Brock Rainey status report.

Gerald Markham Attorney
211 MILL BAY ROAD
KODIAK, ALASKA 99615
gmarkham@nwlink.com

Fortunately as the Alaska Superior Court's 12/29/20 interlocutory decision pg. 2 declining (for the moment) to exercise its jurisdiction made clear that while clearly not keen to do so, his primary concern was that this court's minute order pulling the case of the trial calendar and setting it on for a status report 1/3/21 was not a clear indication that it wished the Alaska Superior Court to address any of the issues in the paternity contest that the survivors instead immediately sought turn it to. But arguing that that predicate to a n ARCP 90.2 minor approval (despite the 7/20/20 Probate decree EX A was that the minor was in fact the deceased's minor child so that she had no entitlement under the settlement so there was nothing to approve. Rainey them may have aided Survivors efforts to mix things up by seeking a delay until he could get the paternity test which he anticipated would quick moot this issue (and still hasn't heard if they won't). Clearly that was not in fact the result the parties policy limits settlement documents clearly envisioned EX B-H  but rather clearly by its terms this proceedings was to be a simple *cooperative effort* to secure ARCP 90.2 approval.

Plaintiff has since that order timely moved that court under ARCP 77(k) for reconsideration (primarily) under the authority of *Matter of Estate of Brandon* which expressly instructs the Superior Court on how to proceed when during that course of a 90.2 settlement approval an issue of paternity is involved. That decision unfortunately didn't come to Rainey's counsel attention until the weekend before the 12/28/20 Monday morning hearing the court had scheduled (on an order sorting time) and though Rainey brought it to the court's attention om an ARCP 77(l) citation to supplemental authority, so clearly it wasn't waived  its highly doubtful that it came to Judge Wallace's attention so there is in your undersigned's view a possibility of that motions success.

Claimant Estate of Brock Rainey status report.    Gerald Markham Attorney
211 MILL BAY ROAD
KODIAK, ALASKA 99615
gmarkham@nwlink.com

However that said, Rainey believes that a more direct path to getting this issue on track is for this court to reaffirm at that it has no objection to the parties proceeding to address only this issue of ARCP 90.2 approval under the provisions of pg. 3 of his order indicating that it was without prejudice to being renewed if this court felt that it is not entitled to an appropriate legal remedy before this court. Which unless this court is going to risk[6] violating the "probate exception" to its jurisdiction[7] it should clearly hold it pulled the matter off its calendar to allow the parties to proceed to the Superior Court try to do. Meanwhile this court should not allow the survivors to ignore *Hartford supra* and *Maryland Casualty Co. v. Cushing* 347 U.S. 409 (1954) by imploring it to employ an unnecessary 28 USC 1335 interpleader action which by their own admissions requires new pleadings,

---

[6] The risk of course is that as the parties can't confer jurisdiction on this court by consent and even if they could that was not the parties agreement which was to seek ARCP 90.2 approval. Survivors seek to compress this issue of minor approval into the issue of if approved what becomes of the $9.0 in funds which Rainey has suggested various options to without response. And of course he can't make the parties come to an alternative agreement. Nor likewise can this court short of holding these relatively benign terms void as contrary to the Washington bar ethics rules do not require the party holding funds claimed by multiple parties to immediately run out to file an expensive cumbersome interpleader (When it already has admiralty jurisdiction quasi in rem. See infra

[7] It might interest this court to review Alaska District Local rule 68.1 which always send these approvals to Alaska *State* court

Civil Rule 68.1 Settlements and Judgments in Favor of a Minor(a) Authority to Settle a Minor's Claim Settlement, compromise, or other resolution of a minor's claim by a parent or legal guardian of a minor must comply with this rule. (b) Settlements A settlement agreement, release, or stipulation that resolves or dismisses a minor's claim must be approved by the Superior Court for the State of Alaska under Alaska Rule of Civil Procedure 90.2.(1) The Superior Court must approve:(A) the terms of any settlement, release or stipulation; and(B) the plan of disbursement, including the provisions for expenses, costs, and fees.(2) No judgment or order of dismissal will be issued until the Superior Court's order approving the settlement, release or stipulation under Rule 90.2 is filed with this court. (c) Judgments Upon judgment in favor of a minor, the parent or guardian asserting the claim on behalf of the minor must seek approval of any plan of disbursement of the proceeds from the Superior Court for the State of Alaska under Alaska Rule of Civil Procedure 90.2.(1) The Superior Court must approve the plan of disbursement contemplated, including the provisions for expenses, costs, and fees.

Claimant Estate of Brock Rainey status report.

Gerald Markham Attorney
211 Mill Bay Road
Kodiak, Alaska 99615
gmarkham@nwlink.com

reservice, the deposit of the $9+ M in court (or an expensive bond) and then according to Rainey sources Jim Klapp investment advisor (proposed by SR) that the funds would lose their tax exempt 468B Qualified Settlement Fund status

Meanwhile this appears to be a ploy for the survivors to bootstrap themselves into a jury trial (which these Rainey victims never sought unless that court declined to assert it *Hartford* admiralty *equitable* concursus jurisdiction. Jury trials in this form of (traditional) interpleader are not allowed by the terms of survivors own authority See Gribble and Lawler 12/29/20 response pg. 6. Citing *Hyde Properties v. McCoy*, 507 F.2d 301, 304 (6th Cir. 1974). Any party attempts to claim jury in this matter that should be the subject of further briefing.

## CONCLUSION[8]

The Rainey claimants are as anxious as anyone to get into the respective damages discovery in this case so as to allocate the funds but presently that's premature as the parties don't have minor approval of their settlement and that may be difficult until the Alaska State Court Rules that all parties are bound by its EX A determination that this minor's paternity has already been decided, or if remotely the Superior court was persuaded to entertain the notion of retrying it then it should make that ruling. This court should make it clear to the Alaska superior court that its minute order and now were intended to allow the parties to

---

[8] AS 13.26.021, and Alaska Probate Rule (APR) 14(d) proscribes conservatorship and other protective proceedings brought under AS 13.26 are Confidential proceeding are "confidential" and that they may be sealed under certain circumstances. APR 17(g) proscribes that ARCP 90.2 Minor Settlement approval proceedings are "conservatorship proceedings". Despite being alerted to these law before they appeared and moved to intervene in these proceeding survivors on information and belief survivors counsel have ignored these Alaska privacy commands by sharing the events of those proceedings with other non-party (SR and Seth-Russo) Counsel and most recently attaching a copy of the 12/29/20 interlocutory order of the Kodiak Superior Court refusing to approve this minor settlement.

Claimant Estate of Brock Rainey status report.

Gerald Markham Attorney
211 Mill Bay Road
Kodiak, Alaska 99615
gmarkham@nwlink.com

being these issues to it and for it to them determine if this settlement was in the minor's best interests. And that until it does so the parties don't have a settlement for this court to allow discovery on and to proceed to distribute,

Respectfully submitted this January 12, 2021 at Friday Harbor, Washington

| | |
|---|---|
| /s/Lawrence Delay | /s/ Gerald Markham |
| Lawrence Delay WSBA # 20339 | Gerald Markham ASBA # 72-10058 |
| lcdelay@rockisland.com | gmarkham@nwlink.com |
| Attorney for the above claimants | Attorney for the above claimants |
| 232 "A" St. Suite 8 | 211 Mill Bay Road |
| PO BOX 8 | Kodiak, AK 99615 |
| Friday Harbor WA 98259 | PH 907-486-4194 |
| PH 360-378-6976 | WA # 360-378-2047 |

### CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury under the laws of the State of Washington that I electronically filed a true and correct copy of the forgoing document on January 12, 2021, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

*Counsel for Limitation Plaintiffs*

Michael A. Barcott, WSBA # 13317
HOLMES WEDDLE & BARCOTT
3101 Western Ave, Ste 500
Seattle, WA  98121
Tel: (206) 292-8008
Email: Mbarcott@hwb-law.com

Daniel P. Barcott, WSBA # 50282
HOLMES WEDDLE & BARCOTT
3101 Western Ave, Ste 500
Seattle, WA  98121
Tel: (720) 420-9800
Email: dbarcott@hwb-law.com

And Counsel for other Limitation Claimants/Defendants

        STACEY & JACOBSEN, PLLC
        Joseph S. Stacey, WSBA #12840
        jstacey@maritimelawyer.us
        James P. Jacobsen, WSBA #16331
        jjacobsen@maritimelawyer.us
        Attorneys for Claimants, Gribble and Lawler
        4039 21st Avenue W, Suite 401
        Seattle, WA 98199
        Phone:  206.282.3100

        COLUCCIO LAW

        Kevin Coluccio, WSBA #16245
        kc@coluccio-law.com
        Attorney for Claimant Estate of Seth Rousseau-Gano
        2025 1st Avenue, Suite 1130
        Seattle, Washington 98121
        Phone:  206.826.8200

        TUCKER LAW FIRM

        Lee Tucker, WSBA #30345
        lee@thetuckerlawfirm.com
        Attorney for Claimant Estate of Seth Rousseau-Gano
        144 Railroad Avenue, Suite 220
        Edmonds, Washington 98020
        Phone:  206.790.5842

Signed at Friday Harbor , Washington this 12th day of January 2021.

        */s/ Gerald W. Markham*
        Gerald W. Markham
        gmarkham@nwlink.com
        Attorney for Claimants to the estates of Rainey, Ganacias, and Cobban
        211 Mill Bay Road
        Kodiak, AK  99615
        Phone:  907.486.4194