IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT KODIAK

IN THE MATTER OF: )
)
)
)
L.W. )
)
)
)
)
_____ )  Case No.  3KO-20-59PR

**ORDER ON PENDING MOTIONS**

    This matter comes before this court on a November 9, 2020 petition to approve a minor settlement pursuant to Alaska Rule of Civil Procedure 90.2. Mr. Markham is appearing on behalf of the minor L.W. having filed to open probate. The November 9, 2020 petition seeks an order declaring that settlement within policy limits is in the best interest of the child. The minor settlement at issue relates to the sinking of the fishing vessel Scandies Rose. The survivors of the incident, Jon Lawler and Dean Gribble were granted intervention in this matter on December 8, 2020. The interveners opposed the motion to approve the minor settlement, and a hearing was held on all pending motions on December 28, 2020. All parties were represented by counsel and appeared telephonically.

    Mr. Markham asks this court to exercise jurisdiction in a matter that is currently before the Federal Court in Washington in the context of a maritime wrongful death action. The minor is an averred child of one of the decedents in the federal maritime action. The minor child's mother is the personal representative acting for the estate of

Brock Rainy who died in the sinking. Both the minor and mother are residents of Washington. Acting as the proposed personal representatives and on behalf of the estate of Brock Rainy, minor's mother brought a lawsuit in Washington Federal Court which resulted in a settlement with the vessel owners. Mr. Markham's petition seeks to use probate procedures in Alaska to have this court issue an order affecting the disposition of the $9 million in insurance proceeds in the pending federal case. Intervening survivors have asked this court to deny the motions and dismiss the case for lack of personal jurisdiction, subject-matter jurisdiction and based on the prior pending case doctrine.

The request to have this court issue an order approving settlement and ordering the Washington litigants to release the funds into Mr. Markham's trust account is denied. Such an order unnecessarily inserts this court into a previously pending federal maritime action before the Federal Court in Washington.

This court views exercising legal authority over proceeds at issue in the federal action as an ill-advised assertion its jurisdiction. It is further unnecessary by the availability of equally efficacious and alternative remedies to vindicate the minor's interests available in federal court. The Federal Court issued an injunction to prevent any of the litigants from initiating any further proceedings relating to the matter before it. This court finds unpersuasive Mr. Markham's reading of the minute order as stating that the federal court urged the litigants to resolve the dispute in the Alaskan trial courts. The Washington Federal Court is the most legally appropriate forum to resolve disputes issues regarding the settlement proceeds.

In this court's view the intervenor's suggestion of a federal interpleader action, which would result in the depositing of the funds with the federal court in Washington, is a sensible path forward. This is the more appropriate course of action which will most likely assure that each individual interest in the insurance proceeds will be appropriately addressed by a court whose subject matter jurisdiction is unsullied by questions of personal jurisdiction.

For the foregoing reasons, this court declines to follow petitioner's invitation to exercising probate jurisdiction. Both the *Motion to Show Cause* and the November 9, 2020 *Petition for Court Approval that Settlement within Policy Limits is in Best Interest of the Child* are denied.

This order is without prejudice to the minor to bring an action in probate at a later date if it becomes legally established that she has been denied an appropriate legal remedy by the federal court.

On December 28, 2020, petitioner also filed *ARCP 90.2 Petition for Court Approval of Settlement of Insurance Death Benefits Claims for Minor Child*. This second petition relates to a separate insurance policy payable to the crew of the Scandies Rose. It is obvious from the pleading that no settlement has been reached yet. The court will therefore treat this December 28, 2020 petition as prematurely filed and rejects it at this time. Leave is granted to the petitioner to refile this petition once a settlement is reached. But the court further observes that the child has no connection with the state of Alaska save the unfortunate death of her father. Therefore, as the minor and personal representative reside in Washington, it appears clear to this court

that the personal representative could obtain relief for the minor for purposes of probating the insurance proceeds through probate court in Washington.

DATED this ___28th___ day of ___December___, 2020 at Kodiak, Alaska.

_____
STEPHEN B. WALLACE
Superior Court Judge

I CERTIFY THAT A COPY OF THE ABOVE WAS:
✓ e MAILED TO Malcham, Stacey, Jacobsen
___ DEPOSITED IN DISTRIBUTIONARY CLERK'S OFFICE KODIAK
___ EMAILED TO

_____    12/29/2020
DEPUTY CLERK            DATE