1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

IN THE MATTER OF THE
COMPLAINT OF THE SCANDIES
ROSE FISHING COMPANY LLC AND
MATTSEN MANAGEMENT LLC, AS
OWNERS AND/OR OPERATORS OF
THE VESSEL SCANDIES ROSE,
OFFICIAL NUMBER 602351, FOR
EXONERATION FROM AND/OR
LIMITATION OF LIABILITY

CASE NO. 20-cv-5376BHS

ORDER ON MOTION FOR
EXTENSION OF TIME

THIS MATTER is before the Court on Claimant Rainey et al.'s "Second Motion for Extension of Time." Dkt. 76. Rainey's counsel seeks a retroactive extension of time to file a revised version of his Reply in support of his Motion to Seek ARCP 90.3 (sic) Approval, Dkt. 52.

Rainey's Reply in support of that motion was due on the date it was noted, Friday, February 12. After that date passed, he sought and was granted an extension to file his Reply on February 19, Dkts. 69 and 73. Rainey filed the Reply on February 20, Dkt. 75. Two days later he filed another six-page motion for an extension of time on February 22,

1   Dkt. 76., asking the Court to allow him to submit a revised (more complete) version of

2   his Reply.

3         Claimants Gribble and Lawyer oppose the additional extension. They accurately

4   point out that missed deadlines and requests for extensions of time have become routine

5   in this case.

6         This is counsel's third motion for an extension of time. *See* Dkts. 39 and 69. Each

7   has included a long litany of excuses about computer problems, health issues, and the

8   weather, accompanied by the claim that the other parties are represented by large firms

9   while he is a sole practitioner. Dkts. 76 and 81. Counsel has filed 14 total pages of

10  briefing on this motion for an extension of time, plus a long narrative declaration and

11  numerous exhibits. Dkt. 78. The time spent on those filings could and should have been

12  spent drafting a persuasive and timely Reply.

13        Motions for Extensions of Time should not be filed as a matter of course. The

14  Court will not routinely grant them, absent a legitimate showing of good cause. This is

15  particularly true where the motion is filed after the initial due date, and where the

16  unforeseeable delay is blamed on what are now entirely predictable computer and staffing

17  problems. *See* Dkt. 80-3; *see also Markham v. Stadium View Condominium Assoc.*, No

18  17-cv-5733RBL (W.D. Wash., April 9, 2019), Dkt. 85.

19        The Court has already read both the original Reply, Dkt. 75, and the revised

20  Reply, Dkt. 77. The Motion for an Extension of Time, Dkt. 76, is therefore **GRANTED**.

21  However, there is a cost associated with this sort of litigation practice, and it should not

22  be borne by the other party. The Court will impose a relatively nominal **sanction** of $500,

ORDER - 2

1   payable to Claimants Gribble and Lawyer's counsel, to defray the cost of their reasonable

2   and valid objection to the second late filing. Alternatively, the Court will DENY the

3   motion and consider only the Reply filed at Dkt. 75; the choice is Mr. Markham's. He

4   should advise the Court of his choice, in a single paragraph filing due no later than

5   Monday, March 15.

6        IT IS SO ORDERED.

7        Dated this 11th day of March, 2021.

8

9

10        BENJAMIN H. SETTLE
          United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22