UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

IN THE MATTER OF THE COMPLAINT OF THE SCANDIES ROSE FISHING COMPANY LLC AND MATTSEN MANAGEMENT LLC, AS OWNERS AND/OR OPERATORS OF THE VESSEL SCANDIES ROSE, OFFICIAL NUMBER 602351, FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY

CASE NO. C20-5376 BHS

ORDER ON CLAIMANTS' MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on Claimants Damian Rainey, Barbara Cobban, and Jason Ganacias's Motion for Reconsideration, Dkt. 89, of the Court's May 19, 2021 Order, Dkt. 87.

Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona*

*Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

The Motion does not overtly ask the Court to alter its decision on any of the four substantive motions it resolved, but claims the Order contains various errors that should be corrected.

First, it claims that the Court "confused" two of the "matters" Attorney Markham is pursuing wholly outside the context of this lawsuit in Alaska State Court at pages 7–8 of its Order. Attorney Markham sought to obtain in *In re L.W.* minor settlement approval for a claim under an Accidental Death and Dismemberment ("ADD") insurance policy, which is not part of this case, and there is no evidence that it has settled. He also filed in December 2020 an additional Alaska case, *Estate of Rainey v. Scandies Rose*, Alaska Superior Court Cause No. 3KO-20-00244 CI, seeking to recover from Scandies Rose damages for a knee injury Brock suffered aboard the *Scandies Rose* in October 2017. That claim is not part of this case, and there is no evidence that it has settled.

This Court's May 19 Order, Dkt. 87, conflated those two ancillary claims, partly because the underlying Alaska motions were not (and *still* are not) in the record.

Judge Wallace's December 28 Order, Dkt. 37-1, denied Attorney Markham's premature effort to obtain minor settlement approval of the not-settled ADD claim, not the similarly unsettled and possibly time-barred "knee" claim. For what it is worth, the correction is noted but it does not alter the Court's analysis or its conclusions. The Court will issue a Revised Order that corrects its recitations about the relief denied at the end of Judge Wallace's December 28 Order, Dkt. 37-1. The Motion for Reconsideration is, to that limited, clarifying extent, **GRANTED**.

Next, the Motion for Reconsideration apprises the Court of Rainey et al.'s "concern" about the Court's stated expectation that the paternity issue will be resolved "quickly, fairly, and *transparently*." Dkt. 89 at 3–4 (referencing Dkt. 87 at 20). It claims that Washington's paternity determination statute "confusingly" provides both that "on the request of a party and for good cause, the court may close [paternity] proceedings to the public," RCW 26.26A.500(1), and that a final order in such proceedings shall generally be "publicly accessible," RCW 26.26A.500(2).

This statutory scheme is not confusing; it is clear. For good cause shown, the superior court may close the proceedings to the public, but its final order will be publicly accessible. The nature of the proceedings and the other claimants' ability to participate in them are best addressed to the Skagit County Superior Court, if that is the route Attorney Markham has chosen. In the meantime, there is nothing for this Court to reconsider or clarify on this point, and to the extent the Motion seeks the same it is **DENIED**.

Rainey et al.'s second "correction" relates to the repeated claim that placing the $9 million settlement payment in the Court Registry causes the funds to "lose their tax-

exempt status." Dkt. 89 at 5. As the Court surmised, it is not the case that there is some differential tax treatment between money possessed by Scandies Rose or its insurer, or held in an attorney's trust account, on the one hand, and money that is in the Court Registry, on the other. Nothing in the "new evidence" changes that analysis.

The Motion attaches[1] a January 29, 2021 email, Dkt. 89-4, from Jim Klapps at JMW Settlements to all counsel in this case, *proposing* that, because the settlement amount may not be distributed to the individual claimants for some time, the parties may wish to *consider* jointly establishing a "486B Qualified Settlement Fund (QSF)." It explains that such an investment can be beneficial for claimants,[2] *if* they collectively choose to invest the settlement proceeds in such a fund.

These emails are not support for the proposition that the claimants lost some tax advantage because the money was interpled into the Court Registry rather than held in Attorney Markham's trust account. This issue is a red herring and a waste of time. Any request for relief based on the information in these emails is **DENIED**.

[1] The Motion for Reconsideration is not supported by a Declaration. It instead attaches directly "exhibits" purporting to support various contentions. The proper way to include testimonial or documentary evidence for the Court's consideration is to provide a declaration testifying to facts or describing what an exhibit is and why it is admissible.

[2] A second email, Dkt. 89-5, explains that Section 486B does provide tax benefits to *defendants*—in this context, Scandies Rose or its insurer—by permitting them to "deduct amounts paid to settle multi-plaintiff lawsuits before they agree[] how the amounts [will] be allocated. . . . . The defendant benefit[s] by accelerating its deduction to the date that the settlement amount is paid to the QSF rather than when each plaintiff is paid." *Id*. at 1.

Finally, the Motion for Reconsideration informs the Court that Decedent Ganacias's father, Tony, has passed away. It reports that Attorney Coluccio informed Attorney Markham that he believes "the claim" will therefore be dismissed. Dkt. 89 at 6 (purporting to quote an email that is not in the record.) Attorney Markham appears to ask this Court to tell the other claimants to provide him authority for that proposition, or to file a motion raising these issues. If the Motion seeks such an order, it is **DENIED**.

**IT IS SO ORDERED**.

Dated this 10th day of June, 2020.

BENJAMIN H. SETTLE
United States District Judge