*The Honorable Benjamin H. Settle*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF THE SCANDIES ROSE FISHING COMPANY, LLC AND MATTSEN MANAGEMENT, LLC, AS OWNERS AND/OR OPERATORS OF THE VESSEL SCANDIES ROSE, OFFICIAL NUMBER 602351, FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | No. 3:20-cv-05376-BHS<br><br>AT LAW<br><br>**CLAIMAINTS DEAN GRIBBLE'S AND JON LAWLER'S MOTION TO DISMISS CLAIMS OF COMPARATIVE FAULT, CLAIMS FOR LOSS OF COMFORT AND SOCIETY, LOSS OF EARNINGS, LOSS OF INHERITANCE, AND FOR COSTS OF RECOVERING DECEDENTS' REMAINS, AND FOR RULE 11 SANCTIONS/TERMS**<br><br>**NOTE ON MOTION CALENDAR: SEPTEMBER 17, 2021**<br><br>**ORAL ARGUMENT REQUESTED** |

## I.    INTRODUCTION

Pursuant to Fed. R. Civ. P. 12(b)(6), Dean Gribble and Jon Lawler ("Gribble/Lawler") move to dismiss all claims against them and/or as alleged by the estates of Rainey, Cobban, and Ganacias ("Rainey et al") for comparative negligence, cost of recovering decedents' bodies, loss of society, loss of future earnings, and loss of inheritance.  The comparative negligence claims asserted by Rainey et al are inapplicable to this action and are prohibited by controlling law.  *See* Rainey et al's Amended Answer and Cross Claim, ECF No. 111 ("Rainey Amended Claim"), at

**GRIBBLE/LAWLER MOTION
DISMISS AND FOR SANCTIONS** - 1

Stacey & Jacobsen, PLLC
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA  98199
TELEPHONE (206) 282-3100

5-6. First, a seaman cannot, as a matter of long-established and settled law, bring an action or assert a negligence claim against a fellow seaman for injuries or death. *See, e.g.*, *California Home Brands v. Ferreira*, 871 F.2d 830, 835 (9th Cir. 1989); *In re Anderson*, 847 F.Supp.2d 1263 (W.D. Wash. 2012). Second, this interpleader case is about damages only as liability was settled with the deposit of settlement money into this Court's registry. *See* Supplemental Complaint in Interpleader, ECF No. 88 ("Interpleader Complaint"), at 7. As this Court stated during a recent hearing, the logical way to distribute the funds is to determine the damages each party suffered and apportion the settlement funds according to the respective damage percentage. Litigating liability at this stage would prohibit Interpleader Plaintiff from exiting the litigation, incurring additional costs and depleting the finite policy limits.

Rainey et al next make the curious and unsupported claim for "the costs of recovering their deceased's remains[.])" Rainey Amended Claim at 4. Rainey et al cite a Louisiana case for imposing a duty requiring Interpleader Plaintiffs to recover the decedents' remains, regardless of the costs. However, controlling law listing available damages to deceased seamen does not list this element of recovery. *See, e.g.*, *Miles v. Apex Marine Corp.*, 498 U.S. 19, 20 (1990); *Bergen v. F/V St. Patrick*, 816 F.2d 1345, 1350 (9th Cir. 1987), opinion modified on reh'g, 866 F.2d 318 (9th Cir. 1989). Additionally, the deceased seamen's estates in Rainey et al's sole case citation did not even bring a claim to recover costs of recovering remains. *See Matter of S. S. Helena*, 529 F.2d 744 (5th Cir. 1976). If the remedy claimed by Rainey et al exists because of a case, presumably the seamen's estates in that case would have claimed it. However, they did not, because no such legally cognizable claim exists. As no cause of action allows for this recovery action, Rainey et al have failed to state a claim and it should be dismissed under Rule 12(b)(6).

**GRIBBLE/LAWLER MOTION
DISMISS AND FOR SANCTIONS** - 2

STACEY & JACOBSEN, PLLC
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

Rainey et al continue their baseless claims unsupported by controlling law through claiming loss of future earnings, loss of comfort and society, and loss of inheritance. These claims fail to state a legally cognizable claim as these claims have been rejected by the United States Supreme Court and the Ninth Circuit. The loss of future earnings claim was explicitly rejected in *Miles* and *Davis*. *Miles*, 498 U.S. at 20-21; *Davis v. Bender Shipbuilding & Repair Co.*, 27 F.3d 426, 430 (9th Cir. 1994). Loss of society was rejected in *Miles* and *Nygaard*. *Nygaard v. Peter Pan Seafoods, Inc.*, 701 F.2d 77, 79-80 (9th Cir. 1983). While the Ninth Circuit has not directly ruled on the issue, this Court has found *Miles* similarly precludes a loss of inheritance claim. *Ludahl v. Seaview Boat Yard, Inc.*, 869 F. Supp. 825, 827 (W.D. Wash. 1994) (Dimmick, C.J.). As none of the claims exist, such claims should be dismissed for failure to state a claim.

Gribble/Lawler also bring a motion for Rule 11 sanctions and terms against counsel for Rainey et al. The claims for comparative fault, loss of society, and lost future earnings are frivolous, baseless, and made without reasonable inquiry. Gribble/Lawler's counsel have, on several occasions, cited to Rainey et al's counsel the controlling authority explicitly precluding comparative negligence claims against a fellow seaman. Not one court in the county allows a seaman to maintain a negligence action against a fellow servant/seaman. Yet despite the repeated evidence and illustrations that such claims do not exist, Rainey's Amended Claim brings a cross claim against Gribble, incorporating their argument that Gribble's damages must be "reduced by his comparative negligence *per se*." Rainey Amended Claim at 5. This Court has already had to sanction Mr. Gerald Markham for his litigation tactics. *See* Order on Motion for Extension of Time, ECF No. 83, at 2-3. However, such sanction did not deter Mr. Markham for continuing his sanctionable tactics. Mr. Lawrence Delay has similarly ignored binding precedent and signed the frivolous pleadings. As such, additional sanctions are both warranted and necessary.

**GRIBBLE/LAWLER MOTION
DISMISS AND FOR SANCTIONS** - 3

STACEY & JACOBSEN, PLLC
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

## II.    SUMMARY OF FACTS

The fishing vessel SCANDIES ROSE sank on December 31, 2019.  Crewmembers Rainey, Cobban, and Ganacias, represented by Markham and Delay, perished in the sinking.  Crewmember Rousseau-Gano, represented by Mr. Kevin Coluccio and Mr. Lee Tucker, also perished.  Gribble/Lawler were crewmembers aboard the vessel and are the only two survivors.  Rainey et al admit both Gribble and Lawler were crewmembers aboard the SCANDIES ROSE.  Rainey et al's Interpleader Answer and Claim, ECF No. 110 ("Rainey Original Answer"), at 2.

SCANDIES ROSE was on her way to the fishing grounds the morning of December 31, 2019.  As part of his regular duties, Jon Lawler stood watch from approximately 2:00 p.m. until 5:30 p.m.  Gribble took over watch from Lawler at approximately 5:30 p.m.  At approximately 7:15 pm, Gribble woke up the vessel's captain, Gary Cobban, to come to the bridge for his watch.  Captain Cobban arrived shortly thereafter.  Gribble and Cobban discussed the worsening weather, the small accumulating ice on the vessel's structure and crab pots, and the development of an approximate two-degree starboard list.  Gribble asked Captain Cobban if he should wake up the crew to hit ice off the pots with sledgehammers.  Cobban declined Gribble's offer.  Both Lawler and Gribble were in their bunks from that point until the boat began to sink.

While on watch, Captain Cobban made several calls.  He first called a friend in North Carolina, where he mentioned he was aware of icing and the list, but was not alarmed.  He next called the captain of F/V AMATULI, where he discussed the worsening weather.  Around 9:15 p.m., approximately two hours after Gribble's watch ended, Cobban called the captain of PACIFIC SOUNDER, where Cobban began discussing the rapid icing occurring on the pots.  The two spoke again around 9:58 p.m., where Cobban's tone had changed and that he appeared distressed.  Approximately the same time, Gribble and Lawler were both in their bunks when the vessel jolted

**GRIBBLE/LAWLER MOTION
DISMISS AND FOR SANCTIONS** - 4

STACEY & JACOBSEN, PLLC
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA  98199
TELEPHONE (206) 282-3100

starboard. At that point, Gribble/Lawler returned to the wheelhouse with three other crewmembers. The vessel began to sink rapidly; Gribble and Lawler were able to escape the wheelhouse while the rest of the crew unfortunately perished. The Coast Guard did not conduct drug and alcohol testing on Gribble and Lawler as they were rescued after the regulatory time window expired.

Interpleader Plaintiff filed this Limitation Action. All seamen/claimants agreed to settle the case for the insurance Policy Limits. Interpleader Complaint ¶ 17. Interpleader Plaintiffs deposited nearly $9 million into this Court's registry upon filing a complaint in interpleader. This Court held a hearing on June 24, 2021 to address several issues regarding the Interpleader Action. *See* Order, ECF No. 96, at 2-3. The Court provided guidance regarding next steps in the litigation, including ordering a joint status report conference and commenting the logical next step in the litigation was to determine all parties' damages and distribute the settlement funds according to percentage of damages. *See* Minute Order, ECF No. 103.

Pursuant to this Court's Order, the parties met and conferred regarding a Joint Status Report ("JSR") under Rule 26 for the Interpleader Action. Counsel for Gribble/Lawler circulated a draft JSR consistent with the previous report filed with this Court. Declaration of Nigel T. Stacey in Support of Gribble/Lawler's Motion to Dismiss ("Stacey Decl.") ¶ 2. The morning of the JSR meet and confer, Rainey et al's counsel asserted a comparative negligence claim against both Gribble and Lawler, arguing they caused the vessel's sinking. *See* July 12, 2021 Markham email and JSR Draft (Ex. 1 to Stacey Decl.). Before the meeting, Rainey et al's counsel was provided Ninth Circuit and Western District of Washington authority that a crewmember cannot sue a fellow crewmember for negligence. *See* July 12, 2021 Coluccio email and JSR Draft (Ex. 2 to Stacey Decl.). During the meet and confer, Gribble/Lawler's counsel informed Mr. Markham of this clear

**GRIBBLE/LAWLER MOTION
DISMISS AND FOR SANCTIONS** - 5

STACEY & JACOBSEN, PLLC
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

law. Stacey Decl. ¶ 3. Later that week, Gribble/Lawler's counsel emailed Markham confirming the conversation that an injured seaman has no negligence claim against a fellow crewmember. July 14, 2021 Stacey email (Ex. 3 to Stacey Decl.).

Despite the repeated citations to binding authority stating an injured seaman cannot sue a fellow servant/seaman for negligence, Rainey et al raised a comparative negligence defense in their portion of the Joint Status Report. *See* Joint Status Report and Discovery Plan, ECF No. 109 ("JSR Report"), at 6-7. Rainey et al claim that both Gribble and Lawler are comparatively negligent and their recoveries must be reduced. *Id.* at 6. This claim is made despite controlling clear authority being cited in the same document. *Id.* at 18. Rainey et al filed two answers and counterclaims, asserting claims for diminishing Gribble's damages for comparative negligence, for the costs of recovering their deceased's remains, for loss of society, for loss of future earnings, and for loss of inheritance, among others. Rainey Amended Claim at 4-6.

The National Transportation Safety Board ("NTSB") investigated the cause of the SCANDIES's sinking. The NTSB's report concluded drug and alcohol use were not safety issues for the accident voyage. NTSB Marine Accident Report ("NTSB Report") at 74 (Ex. 4 to Stacey Decl.).

### III.    ARGUMENTS

This Court should dismiss Rainey et al's claims of comparative negligence, cost of recovering decedents' remains, loss of society, loss of future earnings, and loss of inheritance because there is no cognizable legal theory under which Rainey et al may recover. A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A case shall be dismissed if the complaint either fails to state a cognizable legal theory or provides insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica*

**GRIBBLE/LAWLER MOTION
DISMISS AND FOR SANCTIONS** - 6

STACEY & JACOBSEN, PLLC
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

*Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).   None of the above-mentioned claims are cognizable legal theories; therefore, no facts can be stated to sufficiently allege them.  All parties, including Rainey et al, enter this Interpleader Action to determine damages available to a deceased seaman.  *See, e.g.*, Rainey Amended Claim at 4.  Rainey et al cannot bring a claim for comparative negligence or ask this Court to reduce any awards to any claimants for comparative negligence as a crewmember cannot sue a fellow crew member for negligence.  *Ferreira*, 871 F.2d at 835 (9th Cir. 1989).   As comparative negligence is an affirmative defense to an employer accused of negligence and not available to them, Rainey et al cannot state a legally cognizable claim upon which relief can be granted.  Similarly, no cognizable legal theory exists that Rainey et al have a claim for Scandies Rose's failure to retrieve the decedents' remains.   The Ninth Circuit's exhaustive list of a decedent's damages do not include this sought remedy, and seamen's estates did not make this claim in the one case cited for this alleged duty.  *In re Sincere Nav. Corp.*, 327 F. Supp. 1024, 1026 (E.D. La. 1971). United States Supreme Court and Ninth Circuit law additionally prohibit Rainey et al from receiving damages for loss of society, loss of future earnings, and loss of inheritance.  *Miles*, 498 U.S. at 20-21; *Davis*, 27 F.3d at 430; *Nygaard*, 701 F.2d at 79-80.  Because none of these claims are legally cognizable claims, they must be dismissed. Fed. R. Civ. P. 12(b)(6).

Gribble/Lawler are additionally entitled to sanctions from both of Rainey et al's counsel for making frivolous claims despite repeated citations to controlling authority.  Sanctions *must* be imposed on the signer of a paper that is either frivolous or filed for an improper purpose.  *Townsend v. Holeman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990).  Improperly filed pleadings include filings that are baseless and made without a reasonable and competent inquiry.  *Id.*  Here, Rainey et al's counsel have been provided binding and settled authority stating the comparative

**GRIBBLE/LAWLER MOTION
DISMISS AND FOR SANCTIONS** - 7

STACEY & JACOBSEN, PLLC
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

negligence claim is not valid. However, Delay and Markham continue to sign papers asserting frivolous and baseless claims. *See, e.g.*, Rainey Amended Claim at 4-5. Instead of researching the cited controlling authority, Markham and Delay make claims explicitly prohibited by the United States Supreme Court and Ninth Circuit. *Id.* Such improper litigation tactics must result in sanctions under Rule 11.

### A. <u>MOTION TO DISMISS</u>

### 1. Fed. R. Civ. P. 12(b)(6) Standard.

A court should dismiss a pleading either lacking a cognizable legal theory or in the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri*, 901 F.2d at 699. A claim will only survive if it pleads "enough facts to state a claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.,* 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Although material allegations are taken as true and the complaint is construed in the non-moving party's favor, the non-moving party has an "obligation to provide the grounds of his entitlement to relief [that] requires more than labels and conclusions." *Primage Corp. v. Shorebank Pacific*, No. C10-5000-BHS, 2010 WL 2679899 (W.D. Wash. July 2, 2010) (Settle, J.) (citing *Twombly*, 550 U.S. at 555-56). A claim fails to state a case if the charge is brought against an individual immune from the claim. *See, e.g.*, *Smith v. Settle*, No. C18-5221 RJB, 2018 WL 1570950, at *2 (W.D. Wash. Mar. 30, 2018) (dismissing a claim *sua sponte* for failure to state a claim, in part, because the claims were brought against defendants with judicial immunity).

**GRIBBLE/LAWLER MOTION DISMISS AND FOR SANCTIONS** - 8

STACEY & JACOBSEN, PLLC
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

**2. Rainey et al's Comparative Negligence Claim Fails For Failure to State a Claim.**

Comparative fault is a statutory affirmative defense *only* available to an employer to limit its liability.  46 U.S.C § 30104.  It is well-settled the Jones Act created a negligence cause of action against *only* the employer.  *Allen v. U.S.*, 338 F.2d 160, 162 (9th Cir. 1964).  The Ninth Circuit has explicitly and consistently ruled a crewmember has no negligence claim against a fellow crewmember, making a crewmember immune to a fellow crewmember's claim.  *Ferreira*, 871 F.2d at 835.  Rainey et al's employer, Interpleader Plaintiff, settled liability, brings no comparative negligence claim in the interpleader action, and exited the interpleader action.  Despite clear authority to the contrary, Rainey et al make the frivolous cross claim against Gribble for comparative negligence despite admitting Gribble and Lawler were fellow crewmembers.  Rainey Amended Claim at 5-6.  Rainey et al's claim for comparative negligence and claim that Gribble's damages must be reduced due to alleged comparative negligence must be dismissed because 1) a seaman has no negligence claim against a fellow crewmember under the Jones Act, 2) a seaman has no negligence claim against a fellow crewmember under general maritime law, and 3) the interpleader action is solely regarding damage allocation and not about liability.

A. There Is No Cognizable Legal Theory for Negligence Against a Fellow Crewmember Under the Jones Act.

Rainey et al fail to state a cognizable legal theory for recovery – and therefore fail to state sufficient facts alleging violation of a cognizable legal theory – because a crewmember does not have a negligence claim against a fellow crewmember under the Jones Act.  If the claim may not be brought by the non-moving party, the claim must be denied.  Fed. R. Civ. P. 12(b)(6); *Smith*, 2018 WL 1570950, at *2.  Rainey et al are attempting to reduce Gribble's damages award, claiming he is comparatively negligent and caused the sinking.  Rainey Amended Claim at 5-6.  Because it is undisputed Ninth Circuit law that a crewmember does not have a negligence cause of action

**GRIBBLE/LAWLER MOTION
DISMISS AND FOR SANCTIONS** - 9

STACEY & JACOBSEN, PLLC
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA  98199
TELEPHONE (206) 282-3100

against a fellow crewmember, this Court should dismiss Rainey et al's claim of comparative negligence against Gribble because there is no cognizable legal theory upon which Rainey et al can obtain relief.

Ninth Circuit case law makes unambiguously clear: an injured seaman does not have a negligence cause of action against a fellow crewmember. In *Ferreira*, a shipowner sued for negligence sought indemnification from an employee who caused the injury. *Ferreira*, 871 F.2d at 832. In denying this claim, the Ninth Circuit stated it is "well-settled that the Jones Act created a negligence cause of action *only* against the employer." *Id.* at 833 (emphasis added). The Jones Act did not "provide the seaman with a right of action against a fellow employee for negligence." *Id.* The Ninth Circuit reviewed both "traditional [and] modern maritime case law" and found no support that one seaman may sue a fellow crewmember for negligence. *Id.* at 835. This well-established principle has been followed in this court. *See, e.g.*, *In re Anderson*, 847 F.Supp.2d 1263 (W.D. Wash. 2012).

Rainey et al's inability to sue fellow crewmember Gribble for negligence means their claim for comparative negligence must be dismissed. In *Smith*, a complaint was filed against federal judges, who cannot be sued due to judicial immunity. *Smith*, 2018 WL 1570950, at *2. Here, Rainey et al have asserted a cross claim seeking a damage reduction under a comparative negligence action against Gribble, who they cannot sue due to his status as a crewmember. *Ferreira,* 871 F.2d at 832-33. The *Smith* complaint was dismissed *sua sponte* because judicial immunity meant the plaintiff could not sue the defendants. *Smith*, 2018 WL 1570950, at *2. Rainey et al's claim based on comparative negligence should therefore be dismissed because Rainey et al cannot sue Gribble for negligence as a fellow crewmember. *Id.*; *Ferreira,* 871 F.2d at 832-33.

**GRIBBLE/LAWLER MOTION
DISMISS AND FOR SANCTIONS** - 10

STACEY & JACOBSEN, PLLC
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

The Ninth Circuit case law is consistent with the FELA statute on comparative negligence. The Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 et seq. (1908), was incorporated into the Jones Act. Under FELA – and therefore under the Jones Act – comparative negligence is a statutory affirmative defense available to the *employer*. 45 U.S. Code § 53 (allowing diminution of recovery only for claims "brought against any such common carrier by railroad"). Limiting this right to the railroad common carriers – and in the Jones Act context the seaman's employer – illustrates textually that comparative negligence is an affirmative defense inapplicable to fellow crewmembers. Because Rainey et al's argument that Gribble's damages should be dismissed due to comparative negligence claim is not available, Rainey et al have failed to state a cognizable legal claim. The comparative negligence action should therefore be dismissed.

B. There Is No Cognizable Legal Theory for Negligence Against a Fellow Crewmember Under the General Maritime Law.

There is also no negligence cause of action under the general maritime law. The black-letter rule originated in the United States Supreme Court case of *The Osceola,* 189 U.S. 158, 175 (1903), a case decided before Congress passed the Jones Act in 1920. The Supreme Court ruled seamen could not recover under general maritime law for the master or crew's negligence. *Id.* Congress passed the Jones Act in 1920 to abrogate the Supreme Court's ruling in *The Osceola. See generally* Gilmore & Black*, The Law Of Admiralty,* Sec. 6-20, at 325-28. The Supreme Court has confirmed the negligence cause of action does not exist under general maritime law. *See, e.g.*, *Chandris, Inc. v. Latsis*, 515 U.S. 347, 354-55 (1995). Because a seaman has no negligence claim against an employer or fellow crewmember under general maritime law, Rainey et al cannot state a cognizable legal theory that Gribble's damages should be reduced under a comparative negligence claim under the general maritime law. Such a claim should therefore be dismissed.

C. Rainey et al Settled Liability. This Interpleader Case is Solely About Damages.

**GRIBBLE/LAWLER MOTION
DISMISS AND FOR SANCTIONS** - 11

STACEY & JACOBSEN, PLLC
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

As this Court stated during its June 24 conference, the logical next step in this litigation is for the parties to determine their damages and allocate the policy limits pursuant to the percentage. In exchange for the policy limits, all parties settled the case on liability. The comparative fault affirmative defense is available only to the employer as a liability defense. 45 U.S. Code § 53. When determining comparative fault, the fault of the seaman is weighed in comparison to the fault of his/her employer. *Id.* The case was settled and the interpleader action was commenced, allowing the employer to exit this litigation and preserve the maximum amount of the settlement amount. The employer is no longer in this case. The only party against whom a negligence action for the sinking may be brought has settled and exited the case.

None of the parties' damages involves comparative negligence. As survivors of the sinking, Gribble/Lawler are entitled to receive economic as well as pain and suffering damages. The logical next step, as this Court stated, is to determine both Gribble and Lawler's past and future economic damage as well as determine past and future pain and suffering. If it has a factual basis to support the claim, a decedent seamen's estate may bring claims only for 1) pre-death pain and suffering, 2) loss of financial support, 3) loss of services, and 4) loss of care, nurture, and guidance.[1] None of those damages involve comparative negligence or liability. Rainey et al's argument that comparative negligence claims are proper to determine each party's claim at trial against Scandies Rose holds no weight because Scandies Rose has exited the action pursuant to this Court's Interpleader Order. Because comparative negligence has no bearing (and can provide no relief) on the damages to be decided during this Interpleader action, Rainey et al fail to state a claim upon which relief may be given.

---

[1] Gribble/Lawler is not conceding the Claimants here have or can meet its burden to show entitlement to these remedies.

**GRIBBLE/LAWLER MOTION
DISMISS AND FOR SANCTIONS** - 12

Stacey & Jacobsen, PLLC
Attorneys at Law
Washington Alaska Oregon
4039 21st Avenue West, Suite 401
Seattle, WA 98199
Telephone (206) 282-3100

The comparative negligence diminution claim is not allowed because Gribble/Lawler have not sued, and cannot sue, Rainey et al for negligence in this interpleader action. Under the FELA comparative negligence statute binding on Jones Act cases, a party's damages may be diminished in proportion to the amount of comparative negligence in "actions . . . brought *against any such common carrier*." *Id.* (emphasis added). This interpleader action is not against Scandies Rose Fishing Company; they have exited by virtue of this interpleader action. This statutory basis illustrates a party may not claim comparative negligence diminution unless the party itself has been accused of negligence. Here, Rainey et al have not been accused of negligence, therefore it may not bring a claim for comparative negligence.

Even if this interpleader action did concern liability, Rainey et al cannot step into Scandies Rose's shoes to bring a comparative negligence claim because there has been no assignment of claim. Rainey et al seek to bring a claim reserved for the sued employer. Rainey Amended Claim at 4-5. To be able to step into the employer's shoes and bring their affirmative defenses, Scandies Rose Fishing Company would have to assign its claim to Rainey et al. However, Rainey et al's Amended Claim provides no such representation. *Id.* Because there has been no assignment, Rainey et al cannot bring the comparative negligence claim in this Interpleader action.

Allowing Rainey et al to bring this comparative negligence claim will further lead to absurd results and defeat the purpose of the Interpleader. Were this Court to allow litigation of any negligence claim, all parties would be required to both investigate and bring all possible negligence claims and investigate the full cause of the sinking. Comparative negligence asks for the percentage of fault assigned to the injured claimant; to make this determination all potential causes must be investigated and assessed. Parties would have to investigate whether Interpleader Plaintiff caused the sinking, the decedent seamen could have mitigated their damages by escaping, the

**GRIBBLE/LAWLER MOTION
DISMISS AND FOR SANCTIONS** - 13

STACEY & JACOBSEN, PLLC
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

vessel's engineering could have prevented the sinking, and/or other causes. Such investigations require all parties to interact with Interpleader Plaintiff as active participants in the case by litigating the complete facts of the sinking, including liability.

Allowing Rainey et al and other parties to make negligence claims in Interpleader would defeat the purpose of allowing Interpleader Plaintiff to leave the litigation and preserve the maximum amount of settlement funds. Along with using the Court's resources, allowing claims be brought against fellow crewmembers would require Interpleader Plaintiff and their counsel to remain in this litigation and continue spending funds from the policy limits. If Rainey et al's improper comparative negligence claim is allowed to continue, Gribble/Lawler will be required to subpoena and depose Interpleader Plaintiff's employees and management to establish who was responsible for the sinking. Funds are obviously required to pay for defending the subpoena and deposition; however, the remaining policy limits have been paid into this Court's registry. *See* Order Regarding Deposit Into the Registry of the Court, ECF No. 104. For Interpleader Plaintiff to fund this defense, it would be required to move this Court to take the funds out of the Court's registry and require the determination of those funds available to all claimants. This Interpleader action was commenced specifically to avoid these scenarios. Because allowing Rainey et al to bring a comparative negligence claim against Gribble and Lawler would be antithetical to the Interpleader's purpose and goal, it should be dismissed.

### 3. Rainey et al's Claim for Body Recovery Fails as it is Not a Permissive Remedy.

Rainey et al claim a remedy not recognized in the Ninth Circuit and that – to Gribble/Lawler's research – have never been recovered by an injured seaman. Rainey et al claims the estates of Rainey, Cobban, and Ganacias are owed $1.3 million "for the costs they will *have* to incur due to the Scandies Rose's failure to make any efforts to recover their deceased's remains."

**GRIBBLE/LAWLER MOTION DISMISS AND FOR SANCTIONS** - 14

STACEY & JACOBSEN, PLLC
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

JSR Report at 7 (emphasis added); Amended Answer at 4-5.  The Ninth Circuit has never allowed such a damage recovery and the exhaustive damages lists do not include this claim.  Additionally, the sole Eastern District of Louisiana case relied upon by Rainey et al refers only to compensating salvage companies, not the decedents' families, and the decedents' estates did not even make that claim.  As the claim sought by Rainey et al does not exist, it cannot state facts supporting a legally cognizable claim and should therefore be dismissed.

The Ninth Circuit has never recognized the damages sought by Rainey et al.  The sole damages available to a decedent seaman's estate under the Jones Act are pecuniary loss and pre-death pain and suffering.  45 U.S.C. §§ 51, 59; *Nygaard*, 701 F.2d at 79-80; *Cook v. Ross Island Sand & Gravel Co.*, 626 F.2d 746 (9th Cir. 1980).  Pecuniary interests include loss of care, nurture, and guidance, as well as loss of financial support.  *Nygaard*, 701 F.2d at 79-80; *Cook*, 626 F.2d at 750, 753.  Damages available in other contexts, such as loss of consortium, are not listed and are not available to the decedent seaman's estate.  For this reason, the Ninth Circuit has never – based on Gribble/Lawler's research – allowed damages for the kind of recovery sought by Rainey et al.

The Louisiana case relied upon by Rainey et al illustrates this remedy is not available as it is a case regarding reimbursement of salvage costs and government function.  In *In re Sincere Nav. Corp.*, the government brought an indemnity and reimbursement action to *recover* expenses already incurred in the government's search for survivors.  *In re Sincere Nav. Corp.*, 327 F. Supp. at 1025.  The court decided whether the expenses incurred by the government were as a private vessel owner or as a government entity.  In dicta, the court stated an uncited proposition that boat owner has a duty to save his or her crew members or recover their remains and return the remains to their families.  *Id.* at 1026.  All cases citing *Sincere* discuss reimbursement of expenses that have *already incurred*, and most discuss whether the government's actions were compulsory or

**GRIBBLE/LAWLER MOTION
DISMISS AND FOR SANCTIONS** - 15

STACEY & JACOBSEN, PLLC
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

voluntary.  They are indemnity/reimbursement actions.  Rainey et al clearly are not the intended remedy class as they have not incurred any costs to recover the decedents' bodies.  Rainey et al's claim does not even assert the estate has incurred any expenses.  Rainey Amended Claim at 4-5. No court in the Ninth Circuit has cited this case.  If this case stands for the proposition Rainey et al hopes, decedent seamen's estates across the country would make the claim constantly. However, no such citation exists, illustrating this claim does not exist and must be dismissed.

The inapplicability of *Sincere* is more striking when the estates in that case did not make a claim for costs the estate will incur to recover decedents' bodies even though the vessel was only in seventy feet of water and no bodies were recovered.  No bodies were recovered in the case relied upon by Rainey et al.  *In re Sincere Nav. Corp.*, 329 F. Supp. 652, 659 (E.D. La. 1971), aff'd in part, vacated in part sub nom. *Matter of S. S. Helena*, 529 F.2d 744 (5th Cir. 1976).  The sunken vessel came to rest in only seventy feet of water.  *In re Sincere*, 327 F. Supp. at 1025.  Even though seventeen bodies remained uncollected, the estate did not bring the claim Rainey et al argue exists because of this case.  *See Matter of S. S. Helena*, 529 F.2d at 753 (discussing loss of society and mental anguish claims).  Had this claim existed because of – or at least in – this case, the estates would have made that claim.  Yet the estates did not make such a claim because the claim is not available.  Therefore, this claim should be dismissed.

Allowing Rainey et al to recover for this claim would also have absurd results.  According to Rainey et al, decedent estates are allowed to recover the amount "they will have to incur . . . to recover their deceased's remains."  JSR Report at 7.  A simple scenario illustrates the law does not recognize this damage claim: a fishing vessel sinks in the Bering Sea 100 miles from shore and 5,000 feet in depth.  Under Rainey et al's proposed rule, claimants would be entitled to recover the several millions of dollars needed to search for and collect the bodies, even if there is no intention

**GRIBBLE/LAWLER MOTION**
**DISMISS AND FOR SANCTIONS** - 16

STACEY & JACOBSEN, PLLC
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

to do so.  If a sunken vessel's location is unknown, Rainey et al's proposed rule would allow recovery for the amount needed to search the entire sea floor.  The Jones Act could not have been written to lead to these absurd results.  Because no claim exists for the cost of recovering their deceased's remains, Rainey et al's claim should be dismissed.

**4.  Rainey et al's Claim for Loss of Society is Not Recognized by the Ninth Circuit and Should be Dismissed.**

The Ninth Circuit has conclusively ruled Rainey et al's Loss of Society claim is not recognized and should be dismissed.  Rainey et al bring a claim for "loss of comfort and society." Rainey et al Amended Answer at 5.  Such hopeful claim is not allowed as it is not legally recognized.  In *Nygaard*, an estate brought a claim for loss of society against the decedent son's employer.  *Nygaard*, 701 F.2d at 78.  The Ninth Circuit upheld dismissal of the loss of society claim, finding that "loss of society is not recoverable" as it is a non-pecuniary damage.  *Id.* at 79 ("we now follow the Fifth Circuit and First Circuit in holding that loss of society is not recoverable").  The United States Supreme Court confirms the Ninth Circuit prohibition.  *Miles*, 498 U.S. at 20.  As the Ninth Circuit has expressly ruled there is no legally cognizable claim for loss of society for a decedent seaman, Rainey et al's claim for loss of society should be dismissed.

It is unclear what remedy Rainey et al's seeks as "loss of comfort."  Rainey Amended Claim at 5.  Should "loss of comfort" be an identical remedy to loss of society, then Rainey et al's "loss of comfort" claim should also be denied for failure to state a claim.  *Miles*, 498 U.S. at 21.

**5.  Rainey et al's Claim for Loss of Future Earnings is Not Recognized by the Ninth Circuit and Should be Dismissed.**

Rainey et al seek another remedy explicitly rejected by the Ninth Circuit.  Rainey et al claim "loss of future earnings."  Rainey Amended Claim at 5.  Both the United States Supreme Court and the Ninth Circuit have held such remedies are not allowed to Jones Act decedent seamen.

STACEY & JACOBSEN, PLLC
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

*Davis*, 27 F.3d at 430 ("*Miles* instructs the lower federal courts that a claim for lost future earnings is not available in connection with a maritime death for which Congress has already provided a remedy and has excluded such damages") (citing *Miles*, 498 U.S. at 21).  As no legally cognizable claim exists for loss of future earnings, Rainey et al's claim should be dismissed.

### 6. Rainey et al's Claim for Loss of Inheritance Should be Dismissed.

Continuing the trend, Rainey et al's claim for loss of inheritance has been rejected by this Court.  The loss of inheritance claim is tangential to the loss of future earnings claim, which is not recoverable under *Miles* or *Davis*.  A post-*Miles* claim for loss of inheritance has already been dismissed by the Western District of Washington.  *See Ludahl*, 869 F. Supp. at 827 (granting summary partial summary judgment because "[c]ommon sense dictates that if lost future earnings are not recoverable under DOHSA, then loss of inheritance would also not be recoverable").  *Ludahl* cited cases in other circuits supporting such dismissal.  *See, e.g.*, *Hopper v. Waterman S.S. Corp.*, No. CIV. A. 83-0924, 1991 WL 267798, at *2 (E.D. La. Dec. 6, 1991) ("The Supreme Court also has disallowed claims for a decedent's lost future earnings.  In essence, plaintiff's claim for loss of prospective inheritance asserts such a claim and, furthermore, duplicates her claim for loss of future support. Accordingly, this claim shall not be permitted.").  Because loss of inheritance is not a legally cognizable claim after *Miles*, Rainey et al's claim for loss of inheritance should be dismissed.

### B. <u>MOTION FOR RULE 11 SANCTIONS FOR FILING FRIVOLOUS PLEADING.</u>

Rainey et al should be assessed Rule 11 sanctions and pay attorneys' fees and costs associated with filing this motion because 1) the claim for comparative negligence against a fellow crewmember is both frivolous and for an improper purpose, 2) counsel for Rainey et al were repeatedly advised of the claim's frivolous nature yet filed the claim regardless, and 3) the claims

**GRIBBLE/LAWLER MOTION
DISMISS AND FOR SANCTIONS** - 18

Stacey & Jacobsen, PLLC
Attorneys at Law
Washington Alaska Oregon
4039 21st Avenue West, Suite 401
Seattle, WA 98199
Telephone (206) 282-3100

for loss of future earnings and loss of society are clearly not recognized and should not have been pled had counsel for Rainey et al conducted a minimal inquiry. Fed. R. Civ. P. 11 requires the signer of a pleading to verify the pleading is well grounded in fact and warranted by existing law or a good faith argument for the extension of existing law. Ninth Circuit case law establishes that "sanctions *must* be imposed on the signed of a paper if either a) the paper is filed for an improper purpose, or b) the paper is frivolous." *Townsend*, 929 F.2d at 1362 (citing *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 832 (9th Cir. 1986)) (emphasis added). *Townsend* states such sanctions are not discretionary. *Id.* A pleading is "frivolous" if it is baseless and made without a reasonable and competent inquiry. *Id.* "Improper purpose" and "frivolousness" inquiries often "overlap since evidence bearing on frivolousness or non-frivolousness will often be highly probative of purpose." *Id.* Finding counsel did not conduct a reasonable inquiry is "tantamount to a finding of frivolousness." *Id.*

Rule 11's central purpose is to "deter baseless filings in District Courts and . . . streamline the administration and procedure of the federal courts." *Id.* at 1363 (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)). The Ninth Circuit mandating sanctions for filing frivolous papers "benefit[s] the public, since the bringing of meritorious lawsuits by private individuals is one way the public policies are advanced." *Id.* at 1362. Here, Rainey et al's pleadings claiming Gribble is comparatively negligent are frivolous and done for an improper purpose – mandating Rule 11 sanctions – because 1) clear binding precedent illustrates such claims do not exist, 2) both counsel for Rainey et al, Markham and Delay, repeatedly ignored party's citations that such claims did not exist, and 3) claims for loss of future earnings and loss of society are clearly baseless and would not have been pled had counsel for Rainey et al conducted a minimal reasonable inquiry. The violation is even starker when Markham has already been sanctioned in

**GRIBBLE/LAWLER MOTION
DISMISS AND FOR SANCTIONS** - 19

Stacey & Jacobsen, PLLC
ATTORNEYS AT LAW
Washington Alaska Oregon
4039 21st Avenue West, Suite 401
Seattle, WA 98199
Telephone (206) 282-3100

this case due to his improper litigation practices. *See* Order on Motion for Extension of Time, ECF No. 83, at 2-3. That nominal $500 sanction did not deter or dissuade Mr. Markham from continuing his sanctionable tactics. Nor did Mr. Delay feel the need to ensure the tactics were not continued before he signed the frivolous pleadings. As such, additional sanctions against both counsel are warranted and necessary.

### 1. Rainey et al's Comparative Negligence Claim is Clearly Baseless.

A pleading is "frivolous" if it is baseless and made without a reasonable and competent inquiry. *Townsend*, 929 F.2d at 1362. As illustrated *supra*, the Ninth Circuit has clearly and repeatedly stated a crewmember does not have a negligence claim against a crewmember. *Ferreira*, 871 F.2d at 835 (9th Cir. 1989). It is a statutory right available *only* to the employer. Rainey et al's claim to reduce Gribble's damages because of "negligence per se" is only available through a comparative negligence medium. Yet this medium does not exist. Even if Rainey et al could sue a fellow crewmember for comparative negligence, allowing such claims would defeat the interpleader's purpose. Because such a route to obtaining the relief sought does not exist, the claim is baseless.

### 2. Rainey et al's Counsel Ignored Repeatedly Cited Authority, Showing Frivolousness.

Sanctions are appropriate and necessary as both Markham and Delay were repeatedly told Rainey et al's comparative negligence claims were frivolous. In determining whether a reasonable inquiry was made, courts review the "knowledge that reasonably could have been acquired at the time the pleading was filed." *Townsend*, 929 F.2d at 1364 (citing *Oliveri v. Thompson*, 803 F.2d 1265 (2d Cir. 1986)). Here, the Court must simply look to the pleadings and emails sent to both Markham and Delay citing the controlling authority and informing them of the claims' frivolous nature. *See* JSR Report at 18 (citing *Ferreira* and *In re Anderson*).

**GRIBBLE/LAWLER MOTION**
**DISMISS AND FOR SANCTIONS** - 20

STACEY & JACOBSEN, PLLC
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

Counsel for Rainey et al either failed to make a reasonable inquiry or ignored it. When Rainey et al raised their comparative negligence claim in a JSR draft on July 12, 2021, counsel for both Gribble/Lawler and Rousseau-Gano informed Markham of the controlling law and added citations to both Ninth Circuit and Western District of Washington cases. *See* Coluccio Email. This claim was discussed again on the meet and confer. Stacey Decl. ¶ 3. Gribble/Lawler's counsel followed up with an email informing Markham of the claim's frivolousness and that making such a claim would lead to sanctions. *See* July 14, 2021 J. Stacey email. Both Mr. Markham and Mr. Delay were made keenly aware of the controlling precedent prohibiting their baseless claim. Despite this explicit notice, Rainey et al's counsel either failed to make a reasonable inquiry or ignored clear and controlling law. As "the finding of no reasonable inquiry is tantamount to a finding of frivolousness," Rainey et al's comparative negligence claim is frivolous and should result in sanctions. *Townsend*, 929 F.2d at 1362.

### 3. Facts Surrounding SCANDIES ROSE'S Sinking Illustrates Frivolousness.

Even if Rainey et al performed a reasonable inquiry and did not ignore the repeated citations that such claims do not exist, the facts make plainly clear the claim is frivolous. Rainey et al's claim, without evidence or citation, that Gribble smoked marijuana "immediately before and while he operated" SCANDIES ROSE and that consuming marijuana was the "proximate cause of the sinking." Rainey Amended Claim at 5. Even ignoring Rainey et al's absence of factual evidence to support his claim, the causation argument's ridiculousness and disconnect from reality show how frivolous the claim is.

Logic shows Rainey et al's claim is frivolous. His counsel would have this Court take his legal conclusion at face value that Gribble caused the sinking. Gribble had been off watch for over two hours before the sinking. Before he ended his watch and handed control over the Captain

**GRIBBLE/LAWLER MOTION
DISMISS AND FOR SANCTIONS** - 21

STACEY & JACOBSEN, PLLC
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

Cobban, Gribble discussed the icing and mild list with Captain Cobban. Gribble offered to break ice off the crab pots, an offer the captain declined. The captain did not become concerned regarding the icing until almost ninety minutes after Gribble's watch ended. During those two hours after his watch, Gribble was in his bunk. Yet, despite Gribble 1) discussing the icing and list with the captain, 2) offering to break ice on deck, 3) not being in the wheelhouse when the captain became concerned of icing, and 4) being in his bunk for two full hours before the sinking, Rainey et al argue without evidence that Gribble caused the vessel's sinking. Such illogical leaps confirm the claim is frivolous and made without reasonable inquiry. Sanctions are warranted.

The NTSB's report illustrates the comparative negligence claim's baselessness. After conducting an investigation and public hearing, the NTSB report concluded drug and alcohol use was not even a "safety issue," let alone a cause, for the sinking. NTSB Report at 74.[2]

**4. Rainey et al's Argument is Not a Good-Faith Argument for Extending Existing Law.**

While Rule 11 allows parties to make good-faith arguments for extending existing law, such a defense does not exist here. The Ninth Circuit has repeatedly and consistently ruled against Rainey et al's positions. Rainey et al may claim they are not citing a comparative negligence defense, but simply seeking to reduce Gribble's damages. However, this argument fails. Rainey et al seek the benefits of a defense that is not available to them. A party cannot reap the rewards of a comparative negligence affirmative defense without being sued for negligence. There is no good-faith argument for extending the uniformly contradicting law.

**5. Rainey et al's Claims for Loss of Future Earnings and Loss of Comfort and Society Were Made Without Reasonable Inquiry.**

---

[2] While NTSB reports are not admissible to prove or establish liability, citation to the NTSB Report is appropriate here as Gribble/Lawler are using the report to show frivolousness, not liability.

**GRIBBLE/LAWLER MOTION**
**DISMISS AND FOR SANCTIONS** - 22

STACEY & JACOBSEN, PLLC
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

A pleading is "frivolous" if it is baseless and made without a reasonable and competent inquiry. *Townsend*, 929 F.2d at 1362. Rainey et al make claims for "loss of future earnings" and "loss of comfort and society." Rainey Amended Claim at 5. The Ninth Circuit has held for decades these were not recoverable remedies. *Nygaard*, 701 F.2d at 79; *Davis*, 27 F.3d at 430; *Miles*, 498 U.S. at 21. A simple Westlaw/Lexis – or even Google – search would have illustrated the claims' frivolousness. Such basic and reasonable inquiries were either never made or ignored. Because the claims are baseless and done without reasonable inquiry, the actions are worthy of sanction.

**6. Rainey et al's Improper Purpose is to Continue to Delay Proceedings.**

Sanctions are mandatory if the pleading was filed for "an improper purpose." *Zaldivar*, 780 F.2d at 832. It is clear from Rainey et al's JSR section the purpose for bringing the baseless comparative negligence claim is to delay the funds' distribution. Rainey et al are using the baseless claim as a reason to "call an expert toxicologist and a naval architect." JSR Report at 12. Rainey's counsel also assert this baseless claim prevents them from attempting ADR. *Id.* Likely for these reasons, Rainey et al assert they will be ready for trial one year after counsel for Gribble/Lawler and Rousseau-Gano are prepared to try this case. Illustrating the outrageousness of these claims, Rainey et al assert without evidence in the JSR that Lawler was also somehow comparatively negligent. JSR Report at 6. Allowing Rainey et al to maintain these causes of action will inevitably cause 1) baseless and expensive discovery, 2) significant unnecessary motions practice before this Court, 3) Interpleader Plaintiff to remain active in this action and incur additional costs to Claimants' detriment, and 4) expenses from all parties for an unrelated and baseless claim simply to delay. Filing claims to delay the process is an improper purpose under Rule 11. As the purpose of Rule 11 is to "deter baseless filings in District Courts and . . . streamline the administration and

**GRIBBLE/LAWLER MOTION
DISMISS AND FOR SANCTIONS** - 23

STACEY & JACOBSEN, PLLC
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

procedure of the federal courts," a filing to unnecessarily *extend* that administration of procedures cannot be proper and are worthy of Rule 11 sanctions. *Townsend*, 929 F.2d. at 1363.

Markham's previous sanctions did not deter these additional sanctionable actions. Delay's notice of previous sanctionable actions did not prevent him from signing frivolous pleadings. Both therefore deserve sanctions and should pay – at the very least – attorneys' fees and costs associated with bringing this Motion.

### IV.   CONCLUSION

For the above-stated reasons, Rainey et al's claims for comparative negligence, body recovery costs, loss of society, loss of future earnings, and loss of inheritance should be dismissed for failure to state a claim under Rule 12(b)(6). Additionally, Rainey et al's frivolous pleadings mandate this Court impose additional sanctions under Rule 11. Gribble/Lawler should be compensated at the very least for the time and expense needed for this Motion and for other expenses and this Court views proper.

DATED this 26th day of August, 2021.

STACEY & JACOBSEN, PLLC

By:   _/s/ Nigel T. Stacey_____
Nigel T. Stacey, WSBA #55458
nstacey@maritimelawyer.us
Joseph S. Stacey, WSBA #12840
jstacey@maritimelawyer.us
James P. Jacobsen, WSBA #16331
jjacobsen@maritimelawyer.us
Attorneys for Claimants, Dean Gribble and Jon Lawler
4039 21st Avenue W, Suite 401
Seattle, WA 98199
Phone:  206.282.3100

**GRIBBLE/LAWLER MOTION
DISMISS AND FOR SANCTIONS** - 24

STACEY & JACOBSEN, PLLC
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael A. Barcott
Daniel P. Barcott
Holmes Weddle Barcott, P.C.
3101 Western Avenue, Suite 500
Seattle, WA 98121
mbarcott@hwb-law.com
dbarcott@hwb-law.com
Attorneys for Limitation Plaintiffs

Lawrence Delay
The Law Office of Lawrence Curt Delay
232 "A" Street, Suite 8
PO BOX 698
Friday Harbor, WA 98259
lcdelay@rockisland.com
Attorney for Claimants Rainey, Ganacias, and Cobban

Gerald W. Markham
Gerald W. Markham, Esq.
211 Mill Bay Road
Kodiak, AK  99615                                    .
gmarkham@nwlink.com
Attorney for Claimants Rainey, Ganacias, and Cobban

Kevin Coluccio
Coluccio Law
2025 1st Avenue, Suite 1130
Seattle, Washington 98121
kc@coluccio-law.com
Attorney for Claimant Estate of Seth Rousseau-Gano

Lee Tucker
Tucker Law Firm
144 Railroad Avenue, Suite 220
Edmonds, WA 98020
lee@thetuckerlawfirm.com
Attorney for Claimant Estate of Seth Rousseau-Gano

/s/ Cindy D. Pentecost
Cindy D. Pentecost, Paralegal

**GRIBBLE/LAWLER MOTION
DISMISS AND FOR SANCTIONS** - 25

STACEY & JACOBSEN, PLLC
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA  98199
TELEPHONE (206) 282-3100